## W. W. WATKINS *v.* SCOTT DUVALL, TRUSTEE.

1. ATTACHMENT FOR RENT. *Claim.* *Code* 1880, §§ 1317, 1774. *Act of* 1882.

   Under the act of 1882 (Laws, p. 139), an affidavit, in general terms claiming the property, in conformity to § 1774, code 1880, is a sufficient foundation for a claim by a third person replevying goods levied on by attachment for rent or supplies; the affidavit provided by § 1317 of the code, that the goods *are not held in trust for the tenant*, etc., is not required.

2. SAME. *Landlord and tenant.* *Sale of premises.* *Severance of relation.*

   A landlord who takes the note of his tenant for rent, and afterwards, during the term and before the rent is due, conveys the rented land to another, cannot thereafter attach for the rent. The conveyance carries with it, as an incident, the note. See *Bowdre* v. *Sloan, post,* 369.

3. LANDLORD AND TENANT. *Sale of premises.* *Lien for supplies.*

   One who was landlord, after conveying the premises to a third person, has no lien for supplies thereafter advanced by him during the term to enable the tenant to make a crop on the land.

4. CONVEYANCE BETWEEN HUSBAND AND WIFE. *Recording.* *Code* 1880, § 1178.

   A conveyance of property from a wife to her husband which is not filed for record, is invalid as against third persons. Code 1880, § 1178.

FROM the circuit court of Monroe county.
HON. LOCK E. HOUSTON, Judge.

On the 3d day of December, 1888, W. W. Watkins, being the owner of land in Monroe county, rented the same to Sam Martin and D. C. Kellum, taking their joint note for $250, payable October 15, 1890.

On January 31, 1889, said W. W. Watkins executed a deed, conveying to his wife, A. L. Watkins, the premises so rented, which deed was duly acknowledged, and was recorded February 16, 1889.

On the 14th day of February, 1889, A. L. Watkins executed a deed, reconveying said land to her husband. This deed was acknowledged the day of its execution, but was never recorded.

On April 12, 1890, the said D. C. Kellum executed his note to said W. W. Watkins for $60, the purchase-money of a horse, and on June 19, 1890, he executed to said W. W. Watkins a note for $55, for money advanced to enable him to make a crop that year, and on July 21, 1890, a note for $16.50, for the same purpose.

On October 15, 1890, at the maturity of these notes, the said W. W. Watkins sued out an attachment against Kellum for $250, rent alleged to be in arrear, and $131, alleged to be due for supplies advanced to Kellum, as tenant, to enable him to make a crop for that year. This attachment for rent was levied on ten bales of cotton raised by the tenant on the land during the year 1890.

On December 6, 1890, Scott Duvall, trustee, filed an affidavit claiming said ten bales of cotton so levied upon. In his affidavit he avers: " That the legal title to said property is in this affiant, and said property is no longer liable to attachment, but is illegally withheld from affiant; that the ten bales of cotton is the property of affiant, and not subject longer to the attachment lien for rent and supplies issued at the suit of W. W. Watkins against D. C. Kellum." This claim was based upon a trust-deed executed by the said D. C. Kellum February 6, 1890, and recorded February 8, 1890. Said deed was given to secure a debt of Kellum to M. M. Davis & Co., of $1,200, of which $300 was advanced after the deed was executed. By it the grantor conveyed to the said Scott Duvall, trustee, the crops to be grown by him during the year 1890 on the land rented from Watkins. After interposing a claim for the cotton, and giving bond therefor, the same was delivered to the claimant, and he filed his declaration in replevin against the said W. W. Watkins in the circuit court.

The defendant, Watkins, moved to dismiss the claim, and for a judgment for $381.50, the amount demanded for rent and supplies, upon the ground that the claimant had not made and filed the affidavit required by law to replevy property levied on by virtue of an attachment for rent and supplies. This motion was overruled, and the defendant excepted.

The defendant then filed a plea, avowing that said sum of $381.50 was due him for rent and supplies, and plaintiff filed a replication traversing the averments of the plea. Thereupon a trial was had, when the facts above stated were shown. On motion of the plaintiff, the deed executed by A. L. Watkins to her husband was excluded from evidence. Defendant, in connection with this deed, offered to prove its execution and acknowledgment, and that both Kellum, the tenant, and M. M. Davis & Co., beneficiaries in the trust-deed, had recognized that the defendant, W. W. Watkins, was the owner of the land, and had negotiated with him as the landlord of Kellum, and agreed that his claim for rent should be first satisfied out of the crop; that, on the day the cotton was attached for rent, the said M. M. Davis & Co. had tendered to defendant $325 in payment of the rent and supplies due by Kellum, contesting only the $60 note given for the horse; that Davis & Co. having refused to receive the same as full payment, Watkins returned the $325 to them, with the understanding that the sole question in controversy was as to the item of $60.

The court excluded all this testimony, and thereupon a verdict was rendered in favor of plaintiff, and judgment was entered accordingly. Motion for new trial overruled; defendant appeals.

*Gilleylen & Leftwitch*, for appellant.

1. Section 1317, code 1880, repeals the common law, and is to be strictly construed. The appellee had no standing in

court save by complying with the terms of this statute. *Dudley* v. *Harvey*, 59 Miss., 34.

The affidavit seems to have been made under § 1774 of the code, instead of § 1317. This was not authorized by the act of 1882. *Maxey* v. *White*, 53 Miss., 80; *Kendrick* v. *Watkins*, 54 *Ib.*, 495; *Payne* v. *Hall*, 64 *Ib.*, 175.

The act of 1882 does not repeal § 1317. The statutes are not in conflict. A repeal by implication is not favored. *Smith* v. *City of Vicksburg*, 54 Miss., 615; *Monroe County* v. *McDaniel*, 68 *Ib.*, 203.

The claimant must make the affidavit required by § 1317 of the code.

The act of 1882 only means that, after a claim is made, the provisions of § 1174 of the code apply as to a claim without bond. The title of the act of 1882 may be looked to for the purpose of ascertaining its purpose. Suth., Stat., § 210; 106 Mass., 310.

2. Section 1178 of the code of 1880, is a radical invasion of the common law, and is to be strictly construed. Along with the deed from Mrs. Watkins to her husband, plaintiff offered evidence showing that he had been recognized as the landlord. Even if it was proper to exclude the deed from evidence, *all* the plaintiff's testimony should not have been excluded. The deed from Watkins to his wife conveyed no more than the reversion in the land. The rent was not conveyed. There was no delivery or assignment of the note.

3. If the right of Watkins to sue could ever have been disputed, it certainly cannot be since the act of February, 1890, which authorizes the assignee of a rent note to attach. But Watkins was the holder and payee of the note, and he never assigned it, therefore he could attach. *McLemore* v. *Hawkins*, 46 Miss., 715.

4. Kellum was estopped to deny the right of Watkins to attach; so are those claiming under him estopped. *Gregory* v. *Dodds*, 60 Miss., 549; 28 Miss., 118; 12 Am. & Eng. Enc. L., 703, and notes.

*Clifton & Eckford*, for appellee.

1. The act of 1882 (Laws, p. 139) repealed all of § 1317 of the code of 1880 which was in conflict with § 1774, except the provisions relative to procedure. The *procedure* was to be under §§ 1317 and 1314; but the affidavit and bond were to be under § 1774. If the claimant desires to replevy the property without bond, § 1774 gives him that right. This is the only construction that can be given to the act of 1882, without nullifying some of its provisions.

2. W. W. Watkins was not the landlord when he attached for rent and supplies; Mrs. Watkins was the landlord. Her deed to the plaintiff, not being recorded, was void as to appellee. Code 1880, § 1138. The judgment is right.

CAMPBELL, C. J., delivered the opinion of the court.

An affidavit in conformity to § 1774 of the code is a sufficient foundation for the claim of a third person replevying property attached for rent and advances, by virtue of "An act," etc., approved February 11, 1882, Laws, p. 139.

The conveyance by Watkins to his wife of the land rented, carried with it, as an incident, the rent note held by him, and she (not he) became landlord, and remained such, as no valid conveyance of the land by her to him was shown, because the conveyance she made to him was not valid as against any third person (Code, § 1178), it not having been "*filed for record.*"

As Watkins was not landlord when he made advances, he had no lien for them.

*Affirmed.*