## Guerdon Kimball v. Sanford A. Walker et al.

1. REAL ESTATE—*Rent to Accrue is Transferred by a Warrantee by Deed.*—Rent to accrue to the owner of land, is, the execution of a warrantee deed for such land, transferred to the grantee in such deed.

2. SAME—*Certain Transactions Held to Amount to a Severance of Rent.*—A leased certain land to B, who agreed to make a note for the rent to C. The note was signed by B but was not delivered until after his death. After the delivery of the note A executed a warrantee deed for the land to D. On bill of interpleader by B's administrator against C and D, *it was held* that the facts stated operated to effect a severance of the rent so that it would not pass by the deed, but was merged into the note which was payable to C, and that he or his assignee were entitled to receive payment thereof.

**Bill of Interpleader.**—Appeal from the Circuit Court of Coles County; the Hon. FRANCIS M. WRIGHT, Judge, presiding. Heard in this court at the May term, 1897. Affirmed. Opinion filed September 13, 1897.

NEAL & WILEY, attorneys for appellant.

Rent to accrue is part of the realty, and passes as such with the reversion. Taylor's Landlord and Tenant, 3d Ed., Sec. 447; 1 Washburn on Real Property, 340; 2 Washburn on Real Property, 3-6; 12 Am. and Eng. Ency. 754; Crosby v. Loap, 13 Ill. 625; Green v. Massie, 13 Ill. 363; Dixon v. Niccolls, 39 Ill. 372; LeMoyne v. Harding, 132 Ill. 23; Disselhorst v. Cadogan, 21 Ill. App. 180; Johnson v. Smith, 24 Am. Dec. 339; Evans v. Hamrick, 100 Am. Dec. 595.

Being an interest in land this rent could not be assigned except by some instrument in writing. R. S., Chap. 59, Sec. 2.

A delivery of a note is necessary to its validity. Foy v. Blackstone, 31 Ill. 538; Hunt et al. v. Weir, 29 Ill. 83; Hinterberger v. Weindler, 2 Brad. 410; First National Bank v. Strang, 72 Ill. 559; 1 Wait's Actions and Defenses, 565; Wilson v. Keller, 9 Brad. 347; Telford v. Patton, 144 Ill. 620.

It is essential to a donation *inter vivos* that the gift be absolute and irrevocable; that the giver part with all present and future dominion over the property given; that the gift go into effect at once and not at some future time; that there be a delivery of the thing given to the donee; that there be such a change of possession as to put it out of the power of the giver to repossess himself of the thing given. Telford v. Patton, 144 Ill. 620; 1 Parsons on Contracts,

marginal page 234; Grover v. Grover, 24 Pick. 261; Wilson v. Keller, 9 Brad. 347; Blanchard v. Williamson, 70 Ill. 647; Badgley v. Votrain, 68 Ill. 25; ·3 Wait's Actions and Defenses, 488; Reed v. Spaulding, 42 N. H. 114.

If the thing given be a chose in action the law requires an assignment or some equivalent instrument, and the transfer must be actually executed.   Wilson v. Keller, *supra.*

When a husband receives his wife's money the presumption is that he receives it as agent of the wife.   Bartlett v. Wright, 29 Ill. App. 339; Patten v. Patten, 75 Ill. 451; Tomlinson v. Matthews, 98 Ill. 178.

HUGHES & HAYES, attorneys for appellee.

MR. JUSTICE BURROUGHS DELIVERED THE OPINION OF THE COURT.

On December 4, 1896, one John Long, administrator of the estate of W. F. Johnson, deceased, filed in the Circuit Court of Coles County, Illinois, a bill of interpleader against Sanford A. Walker and Guerdon Kimball, which was afterward, and before the hearing in said court, amended by making one George P. Walker also a party defendant.   Said Long, administrator, etc., by his bill sets up that there is due from said estate, to be paid in due course of administration, the sum of $275, representing the rent for the year 1894, of eighty acres of land, formerly owned by Amanda Walker, which rent is evidenced by a promissory note for $275, due December 25, 1894, payable to said Sanford A. Walker, and signed by said W. F. Johnson and one B. F. Cutler.   That said sum of $275 is claimed by said Walker and Kimball each, and to avoid litigation he asks that said Walker and Kimball be summoned to answer his bill, and that the court determine and decree to whom said $275 should be allowed and paid as a claim against said estate.   The said Walker and Kimball both answered said bill, and upon trial, had the court below decreed that said George P. Walker was entitled to have the claim of $275 in question, allowed to him against said estate, to be paid in due course of administration.

From this decree, Guerdon Kimball prayed an appeal to this court. The facts disclosed by this record, appear to be as follows: One Amanda Walker, the wife of said Sanford A. Walker, being the owner of 80 acres of land in Coles county, Illinois, leased the same in the winter of 1893 and 1894, to one W. F. Johnson, for a term of one year, commencing March 1, 1894, and ending March 1, 1895. For the rent of which term, said Johnson agreed at the time of the leasing, by the express direction of the owner to give a note for $275 payable December 25, 1894, to Sanford A. Walker, the husband of the owner of the land. Under this agreement and leasing, Johnson went into possession of the eighty acres, and died in July, 1894, before the note agreed to be given for the rent of said land was actually delivered to Sanford A. Walker, but before his (Johnson's) death, a promissory note for $275 payable to Sanford A. Walker and due December 25, 1894, signed by W. F. Johnson and B. F. Cutler, was executed, and after the death of W. F. Johnson, about July, 1894, was, by the widow of W. F. Johnson, delivered to Sanford A. Walker. In June, 1894, Sanford A. Walker, for a valuable consideration, sold said note to his father, the said George P. Walker. On September 24, 1894, by warrantee deed in the usual form, the said Amanda Walker and her husband conveyed said eighty acres of land to Guerdon Kimball, the appellant, who contends that this $275, as rent not yet due, passed to him by said deed; while George P. Walker, one of the appellees, contends it is due to him, as assignee of the payee of the note given for said rent, he having paid full value therefor.

There is no doubt but that if on September 24, 1894, this $275 was rent partially accrued and to accrue to Amanda Walker, when she and her husband delivered their said warrantee deed to appellant for said land, then this decree is erroneous, and ought to be reversed, because it would pass to appellant as the grantee in said deed. But as we view it in a court of equity, where that will be considered done that the parties intended should be done, as this land was leased to W. F. Johnson, and he agreed to give his note for

this rent, and the note was in fact given, before this deed was made, we must treat this as a severance of the rent, so that it would not pass by the said deed; the rent for said term being merged into the note, which was, by its terms payable to, and by gift the property of Sanford A. Walker, and as he, before said warrantee deed was made, for a valuable consideration, sold said note to appellee George P. Walker, then he, George P. Walker, in equity and good conscience, should have this $275.

Hence, we think, the Circuit Court made the proper decree herein, and we therefore affirm it.

Decree affirmed.