COMBS *v.* COMBS.

(*Nashville.* December Term, 1914.)

1. **EXECUTORS AND ADMINISTRATORS.** Allowance to widow dissenting from will. "Assets."

In Shannon's Code, sec. 4020, providing that the allowance for a year's support of a widow dissenting from her husband's will, may be set out to her from any personal assets of the deceased, those assets are meant which go to the personal representative for payment of debts. (*Post, p.* 68.)

Code cited and construed: Sec. 4020 (S.).

Case cited and approved: Agee v. Saunders, 127 Tenn., 680.

2. **EXECUTORS AND ADMINISTRATORS.** Widow dissenting from will. Allowance for support. Property subject. Rents.

Where deceased lessor left notes given him by tenants for rents yet to accrue, the mere giving of the notes did not work such a severance of the rent from the reversion that they vested in deceased's personal representative, so as to give his wife a claim on their proceeds for her support under Shannon's Code, sec. 4020, providing that a widow, dissenting from the provisions of her husband's will, may have a year's allowance for support out of his personal estate. (*Post, p.* 68.)

3. **EXECUTORS AND ADMINISTRATORS.** Real property. Rents as incident of, reversion.

Rents accruing in the future under a lease, being incidents of the reversion, pass to the heir or devisee on death of lessor. (*Post, pp.* 68, 69.)

Cases cited and approved: Smith v. Thomas, 82 Tenn., 324; Combs v. Young, 12 Tenn., 218; Rowan v. Riley, 65 Tenn., 67; Walsh v. Packard, 40 L. R. A., 321; Stinson v. Stinson, 38 Me., 593.

Combs v. Combs.

4. **EXECUTORS AND ADMINISTRATORS.** **Rents.** **Severance from reversion.**

To sever rents from the reversion, the act must be that of the owner, and must indicate his intention to sever, such as the indorsement to a third person of notes taken for rent yet to accrue. (*Post, pp.* 69-71.)

Cases cited and approved: Ellis v. Foster, 54 Tenn., 131; Kimball v. Walker, 71 Ill. App., 309; Leonard v. Burgess, 16 Wis., 42; Cheatham v. Beck Co., 96 Ark., 230; Alabama, etc., Co. v. Oliver, 78 Ala., 158; Watkins v. Duvall, 69 Miss., 364.

FROM DAVIDSON.

Appeal from the County Court of Davidson County to the Court of Civil Appeals and by *certiorari* to the Court of Civil Appeals from the Supreme Court.—Wm. Pollard, Judge.

Aust & McGugin and Larkin E. Crouch, for plaintiff.

J. B. Daniel, for defendant.

Mr. Justice Williams delivered the opinion of the Court.

The questions for solution in this case are of law:

Is a widow, who has dissented from her deceased husband's will, entitled to have set apart to her, as a part of her allowance of a year's support, notes executed to the deceased for the rent of real estate devised

to his children, when the notes do not mature until after the death of the husband and testator?

The county judge and the court of civil appeals have responded in the affirmative, and the case is before us on petition for *certiorari* in behalf of the devisees of the realty leased.

A dissenting widow's allowance may be set apart to her out of any personal assets of her deceased husband's estate. Code (Shannon), section 4020. But by such personal "assets" is meant those which go into the hands of the administrator or executor for the payment of debts. *Agee* v. *Saunders,* 127 Tenn., 680, 157 S. W., 64, 46 L. R. A. (N. S.), 788.

By the rule of the common law rents under a lease executed by the owner of the fee, so accruing after death, cannot be said to be the goods, chattels, rights, or credits of the deceased, since they are incident to the reversion, and vest in the heir or devisee. In this State, as well as in many other States, this rule is in force; it being said in *Smith* v. *Thomas,* 14 Lea (82 Tenn.), 324, that there is nothing in our statutes changing the rights of the heir or devisee. *Combs* v. *Young,* 4 Yerg. (12 Tenn.), 218, 231, 26 Am. Dec., 225; *Rowan* v. *Riley,* 6 Baxt. (65 Tenn.), 67; note to *Walsh* v. *Packard,* 40 L. R. A., 321.

The only case cited that relates to the setting apart of a widow's allowance out of such after-accruing rentals is that of *Stinson* v. *Stinson,* 38 Me., 593. The lower court in that case had sustained the right of the widow against the heirs. On appeal it was said that

the effect of the decree below would be to convert the forthcoming annual installments of rent from real estate leased for a period of ten years into personal property, and transfer them from the heir at law, to whom they descend, to the administratrix (the widow), to whom they do not belong, and the decree of the lower court was reversed.

It is pointed out by the counsel of the widow that all of the above cases involved rents to accrue under, and represented only by, the rental contract, or by way of account; and it is argued that in the pending case notes were taken for such rental sums, that the rents were thus placed in negotiable form, and that from this fact we should imply a severance of the rents from the reversion.

By the common law rent was capable of being separated or severed from the reversion by the owner of the land granting or devising the land and reserving the rent, or by his granting or transferring the rent and retaining the reversion. But the act which severs must be that of such owner, indicating a purpose to sever.

An indorsement of the rent notes before maturity by the lessor would, of course, effect a severance as against one thereafter acquiring the reversion. *Ellis* v. *Foster,* 7 Heisk. (54 Tenn.), 131, 136; 2 Underhill, Landlord and Tenant, section 662.

In *Kimball* v. *Walker,* 71 Ill. App., 309, the rental sum to accrue was represented in a promissory note, and the court said that it would pass with the rever-

sion but for the fact that by a stipulation in the contract between the landlord and the tenant that the note was to be payable to, and by gift the property of, *a third person,* which fact operated to effect a severance.

If, however, the rents were represented by the rental contract only, or by account stated, an assignment of same would, for the same reason, work a like result, as, for example, an order in favor of a third person by the landlord on and accepted by the tenant. *Leonard* v. *Burgess,* 16 Wis., 42.

It has been held that the transfer or assignment need not be absolute. Thus, a transfer of a note for rent to accrue as collateral security works a severance, since the legal title to the note vests in the pledgee and there is involved a potential sale absolute. *Cheatham* v. *Beck Co.,* 96 Ark., 230, 131 S. W., 699.

But the right of one claiming to be a transferee of a rent note as against the reversioner depends on the independent title being obtained by negotiation or indorsement previous to the passing of the reversion to the heir, devisee, or vendee of the lessor. *Alabama, etc., Co.* v. *Oliver,* 78 Ala., 158; 2 Underhill, L. and T., section 662.

This can but mean that the mere representation of accruing rent in or by note, held at death by the lessor, cannot have the effect to sever; and such is the ruling in *Watkins* v. *Duvall,* 69 Miss., 364, 13 South., 727, the intimation in our case of *Ellis* v. *Foster,* supra, and our holding in the present case.

Combs v. Combs.

Other phases of the case are disposed of orally.

Writ of *certiorari* granted, decree of court of civil appeals reversed, and cause remanded for further proceedings.