# SUPREME COURT OF TENNESSEE

FOR THE

## EASTERN DIVISION.

KNOXVILLE, SEPTEMBER TERM, 1917.

*(Continued from Vol. 138.)*

IKE POSS *v.* WILL S. ALBERT.

*(Knoxville.* September Term, 1917.)

1. **BILLS AND NOTES.** Actions. Defenses.

Acts 1907, chapter 602, section 1, declares that all property, real, personal, and mixed, shall be assessed for taxation. Section 8 provides that all personal property of every kind shall be assessed, while subsection 7 specifies for assessment all notes, duebills, choses in action, accounts, mortgages, or any other evidence of indebtedness. Section 12 requires taxpayers to fill out or cause to be filled out a schedule setting out their property not later than April 20th of each year, while section 14 provides that in any suit upon any note, bill, bond, or other chose in action subject to taxation, it shall be competent for any defendant to allege and show in defense that such note, bill, bond, or other

chose in action was not given in, or included in, the owner's assessment for taxation for the preceding year, and upon such defense being established, the owner or holder of such note, etc., shall be taxed with all the court costs of the case, and the court shall declare, in rendering such judgment, a lien in favor of the state for taxes unpaid. *Held*, that in an action on notes not listed for taxation, recovery cannot be denied for that reason, and proof of nonlisting will merely authorize the court to impose payment of costs on plaintiff and the declaration of a lien on the recovery. (*Post, pp.* 4-7.)

Acts cited and construed: Acts 1907, ch. 602, secs. 1, 8, 12, 14, subsec. 7.

2. **TAXATION. Listing for taxation. Lien.**

Plaintiff demised premises for a term of years ending August 1, 1914. The lessees executed a series of rent notes, one note for each month's rent, and defaulted in payment of rent accruing after November, 1913. After the expiration of the term, plaintiff sued one of the lessees on the notes. None of the notes involved were listed by plaintiff in his schedule for taxes for the year expiring January 10th. *Held* that, though the owner of personalty has until April 20th to fill out a schedule, the taxes are assessed as of January 10th, and hence a lien for taxes can be declared only on these notes due on January 10th, and as to the other notes involved, no lien could be declared, nor could the costs of the proceedings, as to them, be assessed against plaintiff, for until such notes became due, they were part of the real property. (*Post, pp.* 7-10.)

Acts cited and construed: Acts 1907, ch. 602.

Case cited and approved: Combs v. Combs, 131 Tenn., 66.

3. **TAXATION. Property taxable. Realty. Rent notes. Nature of.**

Notes executed for rent to accrue are part of the real estate as long as held by the owner and until they mature, and as they would in event of the owner's death pass with the reversion and not as personal property, they need not be listed for taxation as personal property until maturity. (*Post, pp.* 7-10.)

Poss v. Albert.

FROM HAMILTON.

Appeal from the Chancery Court of Hamilton County.—J. B. MILLIGAN, Special Chancellor.

CANTRELL & MOON, for appellant.

THOMPSON, WILLIAMS & THOMPSON, for appellee.

MR. JUSTICE GREEN delivered the opinion of the court.

In the year 1909 Poss rented to Catron and Albert a building in Chattanooga to be used for theatrical purposes. The lease ran from August 1, 1909, to August 1, 1914. The lessees executed 60 notes for $110 each, payable in advance, for each month's rent, on the first day of each calendar month during the term.

Poss also rented to Catron and Albert two rooms in the same neighborhood from April 1, 1909, to August 1, 1914, for which the lessees executed 63 notes for $25 each for rent payable monthly in advance on the first day of each calendar month during the term.

Catron and Albert occupied said premises for quite a while, and later the premises were occupied by subtenants of Catron and Albert with the consent of Poss. The rent notes were all paid up to Decem-

ber 1, 1913. The subtenant occupying the premises at that time defaulted, and no payment was made on any of the remaining notes.

At the time of this default there remained outstanding 8 notes of each series. Each lease had eight months to run. Both leases expired August 1, 1914.

On September 3, 1914, Poss filed the bill in this case to recover from Will S. Albert on 8 notes for $110 and eight notes for $25 remaining unpaid. An answer was filed and proof taken. The chancellor rendered a decree in favor of Poss for the amount sued on, but held that Poss was liable for taxes on the said notes, and declared a lien on his recovery for taxes according to the provisions of chapter 602 of the Acts of 1907, as construed by the court.

Both parties appealed. Albert has assigned several errors challenging the propriety of the chancellor's decree against him. Poss has assigned for error that part of the chancellor's decree which held him liable for taxes on the notes in suit and declared a lien upon his recovery.

It is insisted in behalf of Albert that said notes upon which suit was brought should have been listed for taxation. It is conceded that they were not given in to the tax assessor by Poss. It is accordingly urged by Albert that a recovery on these notes is prevented by the act of 1907 just mentioned.

The said statute undertook to provide for the assessment of all property in Tennessee, and was in force at the time of the transactions here involved.

Section 1 of chapter 602 of the Acts of 1907 provides:

"All property—real, personal and mixed—shall be assessed for taxation," etc.

Section 8 of the act provides:

"All personal property of every kind shall be assessed under the following classifications."

There are several subsections of section 8 under which personal property is attempted to be classified, and subsection 7 is as follows:

"Notes, duebills, choses in action, accounts, mortgages, or any other evidence of indebtedness, and money on hand or on deposit or invested in any manner in this State or elsewhere, and not otherwise assessed."

Section 12 of the act respecting the duties of taxpayers provides that they shall fill out or cause to be filled out a schedule prescribed, and shall swear to the same, and that said schedule fully and truly and without evasion shall set out the properties of every kind and character of the taxpayer. This shall be done not later than the 20th of April of each year.

Section 14 of the act is in these words:

"In any suit hereafter brought in any of the courts of this State upon any note, bill, bond, or other chose in action subject to taxation under the provisions of this act, it shall be competent for any defendant to such action to allege and show in defense that such note, bill, bond, or other chose in action

was not given in or included in the owner's assessment for taxation for the preceding year, and upon such defense being established to the satisfaction of the justice, of the court, or judge directing the same, the owner or holder bringing suit upon said note, bond, bill or other chose in action, shall be taxed with all the court costs of the case, and the said court shall declare in rendering such judgment a lien in favor of the State, county, or municipality to which said unpaid taxes are shown to be payable, said lien to be discharged by a release on the docket of said court showing the payment of the said taxes, said release to be executed by the proper tax collecting officer or officers: Provided, all renewals of notes, bills, bonds, or other choses in action, shall be treated as one continuous debt; and, provided, further, that unsettled accounts shall not be included in this section."

It is insisted for Albert that the provisions authorizing a defendant "to allege and show in defense that such note, bill, bond, or other chose in action was not given in or included in the owner's assessment, means that when such defense be proven, there can be no recovery upon the instrument sued on.

An ingenious argument is made in support of this theory, but we think untenable. It is true that the statute authorizes the defense, but "upon such defense being established" it is provided that the owner of the instrument sued on shall be taxed with

the costs of the case, and the "court shall declare in rendering such judgment a lien in favor of the State, county, or municipality to which said unpaid taxes are shown to be payable."

The effect and scope of the defense authorized is thus defined by the statute. Recovery on a note is not denied, but the delinquent owner is to be assessed with costs, and his recovery is to be charged with a lien to secure the payment of the taxes due.

The judgment upon which the lien is to be fastened is undoubtedly the judgment obtained by the owner of the instrument sued on.

While the language used is not as clear as it might have been, we think the interpretation given is the most natural one. If the legislature had intended to fix upon the delinquent taxpayers such a harsh penalty as a denial of recovery upon his notes and choses in action, such a purpose would have been expressed in plain terms. We cannot ascribe this intention to the lawmakers from the language here used.

The other assignments of error interposed by Albert have been fully considered, and we are of opinion that they must be overruled. The facts appearing in the record do not sustain the defenses raised by these assignments of error. We intimated as much at the hearing, and further discussion is not necessary here.

As heretofore stated, Poss challenges the action of the chancellor in holding these notes liable for

taxes and declaring a lien upon the recovery decreed.

The notes sued upon were due respectively as follows: Two on December 1, 1913, two on January 1, 1914, and two on the first day of each calendar month thereafter up to and including July 1, 1914.

We should here observe a fact that has been apparently overlooked by counsel, which is that under chapter 602 of the Acts of 1907, section 5, subsection 1, all assessments are made "to the person or persons owning or claiming to own the same on the 10th day of January of the year for which the assessment is made, if known; if not, to unknown owners."

The owner of personalty has until the 20th of April to fill out the schedule required, but said schedule is made as of January 10th, and must show the personalty owned by him on that date. The tax is levied as of January 10th.

Section 14 heretofore quoted refers to notes, etc., not "included in the owner's assessment for taxation for the proceeding year." This means the preceding assessment year, not the preceding calendar year. For assessment purposes, the year is referred to a particular date, namely, January 10th. When a note therefore is sued on which is liable for taxation, the application of section 14 referred to must be tested by the *status* of the instrument sued on upon the 10th of January preceding.

On the 10th of January, 1914, four of the notes sued upon were due, two of each series. We think

there is no doubt but that these notes were liable for taxation, and should have been given in by the owner some time prior to April 20, 1914. As respects these notes, the chancellor's decree was correct.

Twelve of the notes sued on, however, did not mature until after January 10, 1914. We think these notes were not liable for taxation for that year, and there was no obligation on the part of the owner to have given them in. As to these notes, the chancellor's decree was erroneous.

The provisions of chapter 602 of the Acts of 1907, upon which the chancellor's decree was based, relate altogether to the assessment of personal property. Personal property is classified, and notes, duebills, etc., there enumerated under class 7. Provision is elsewhere made in the statute for the assessment of real estate.

Notes given for rents to accrue in the future while in the owner's hand are not personal property. They are incident to the reversion and would vest in his heir if the owner died. They are part of the real estate as long as held by the owner and until they mature.

The character of such notes was considered and the authorities fully reviewed in the case of *Combs* v. *Combs,* 131 Tenn., 66, 173 S. W., 441. It was there held that such instruments were not personal assets out of which a widow's allowance might be set apart upon the death of her husband, but that they passed to the devisees of the realty.

Since the sections of this statute relied on relate only to personal property, and the notes here sued on which had not matured January 10, 1914, could not be so classified, default had not arisen with respect to these notes in September, 1914, when this suit was brought.

It follows that the chancellor correctly rendered a decree in favor of the complainant on all the notes. He correctly held the complainant liable for taxes on four of the notes. The remainder of the notes were not liable for taxes. The decree below will accordingly be modified to the extent indicated. One-fourth of all the costs will be paid by the complainant, and the remainder of the costs taxed to the defendant.