STOCKSTILL v. BROOKS.*

(Division A.    April 26, 1926.)

[107 So. 888.    No. 25683.]

1. BANKRUPTCY. *Trustee may avoid transfer by bankrupt to his wife before he was adjudged bankrupt, but which was not filed for record until after trustee's appointment (Code 1906, section 2522 [Hemingway's Code, section 2056]).*

   Under Code 1906, section 2522 (Hemingway's Code, section 2056), providing that a conveyance between husband and wife is not valid as against third persons unless filed for record, trustee may avoid transfer made by bankrupt before he was adjudged such to ·his wife for valuable consideration, but which was not filed for record until after trustee's appointment.

2. BANKRUPTCY.

   National Bankruptcy Law (U. S. Comp. St., sections ˙9585-9656) passes to trustee all property which prior to filing of petition bankrupt could have transferred or which might have been levied on and sold under judicial process against him.

---

*Corpus Juris-Cyc. References: Bankruptcy, 7 C. J., p. 114, n. 42; p. 115, n. 43; p. 178, n. 74, 77.

APPEAL from circuit court of Pearl River county.
HON. J. Q. LANGSTON, Judge.

Action of replevin by J. E. Stockstill, as trustee in bankruptcy, against Estella Brooks. Judgment for defendant on a directed verdict, and plaintiff appeals. Reversed and remanded.

*J. E. Stockstill* and *W. W. Stockstill,* for appellant.

The only question is whether or not the property involved was a part of the bankrupt estate of Harlan Brooks and passed to the trustee upon his appointment. If it did, then the court erred in sustaining defendant's motion for a directed verdict.

The inquiry then is: When did the conveyance from Harlan Brooks to his wife take effect, if it ever had any legal effect insofar as the transfer of the title to the property in question is concerned? See section 2522, Code of 1906: *Gregory* v. *Doss,* 60 Miss. 549; *McCrory* v. *Donald,* 119 Miss. 256, 90 So. 643; *Carberry* v. *Lann-Carter Hdw. Co.,* 126 Miss. 293, 88 So. 769; *Snider* v. *Udell Wooden Ware Co.,* 74 Miss. 355, 20 So. 836; *Watkins* v. *Duvall,* 69 Miss. 364, 13 So. 727; *Black* v. *Robinson,* 62 Miss. 68.

Under the above decisions the conveyance from Harlan Brooks to his wife had no legal effect whatever as a transfer until it was filed for record, and even then it was ineffectual to transfer title to the property in question for the reason that at the time title to the property had long since passed to the trustee in bankruptcy and the bankrupt had no title to convey to his wife.

The bankrupt act passes to the trustee all property which, prior to the filing of the petition, the bankrupt could have by any means transferred, or which might have been levied upon and sold under judicial process against him. *Gallaspy* v. *International Harvester Co.,* 109 Miss. 136, 67 So. 904; Collier on Bankruptcy (10 Ed.), p. 1005; *McCabe* v. *Guido,* 116 Miss. 558, 77 So. 801.

A demand on the part of the plaintiff for the possession of the property, as contended by opposing counsel in the fourth ground of his motion for a directed verdict, was not necessary to entitle plaintiff to recover. 34 Cyc., p. 1049, par. g, and cases cited; *Dearing* v. *Ford,* 13 S. & M. 269; *Newell* v. *Newell,* 34 Miss. 385; *George* v. *Hewlette,* 70 Miss. 1. 12 So. 855.

We submit that Mrs. Brooks has never been in the lawful possession of the property. All her rights to the property date from the time of the filing for record of the conveyance from her husband, and at that time title to the property and the right of possession incident thereto had passed to the trustee in bankruptcy, and her possession at any time after the filing of the petition in bankruptcy was unlawful.

*Wm. A. Shipman,* for appellee.

The title that vested in Harlan Brooks, subject to the seller's purchase money lien, was, on the first day of August, 1923, by virtue of the sale for a valuable consideration and delivery of the subject-matter of the contract, conveyed to and from thence has been, and now is, vested in this appellee. This title cannot be impeached, nullified and set aside by an action of replevin in a court of law—a purely possessory action; and until, if ever, in a proper proceeding, in a court of competent jurisdiction, this title is set aside as fraudulent, the appellant cannot, establish his right to the immediate possession of the property.

Under the facts in the case, the rule is that it was incumbent on the appellant to establish his title to the property, and thereby his right to the immediate possession. Remember that this is an action of replevin and not an equity case. See *Henry* v. *Dillard,* 68 Miss. 536. 9 So. 298; *Fox* v. *Tyrone,* 61 So. 5; *Dorsett* v. *Breithaupt,* 97 So. 756; *Osborn* v. *McCallum,* 38 So. 609 (not officially reported).

There is no jurisdiction in a court of law to entertain a complaint to set aside what is alleged to be a fraudulent conveyance or transfer of property, that being exclusively cognizable in a court of equity. *Allen* v. *Hopson*, Freem. Ch. 276; *Vasser* v. *Henderson*, 40 Miss. 521.; *Thompson* v. *Bank*, 84 Miss. 54, 36 So. 65; *McCabe* v. *Guido*, 116 Miss. 858, 77 So. 801.

In many instances the jurisdiction of equity in fraud is exclusive, and the only remedy which an injured party can have is by bill in chancery. Bispham's Prin. Eq. 201; *Learned* v. *Holmes*, 49 Miss. 290, and other cases.

Replevin involves nothing but legal rights; and if equities are to be settled, another form of action must be resorted to. *Meyer* v. *Mosler*, 64 Miss. 610, 1 So. 837; *Sellers* v. *Kelly*, 45 Miss. 323.

I submit, therefore, that suit, if one was considered necessary, should have been by bill in chancery, where the rights of both parties could have been adjudicated properly. This not having been the course of action pursued by appellant, I believe that he is without right to the immediate possession of the property declared for in his action until and only after the title of the appellee shall have been divested by a court of competent jurisdiction to settle all of the rights between the parties.

Argued orally by *W. W. Stockstill*, for appellant, and *Wm. A. Shipman*, for appellee.

Smith, C. J., delivered the opinion of the court.

This is an action of replevin in which the appellant, a trustee in bankruptcy, seeks to recover from the appellee certain personal property claimed by him as a part of the bankrupt's estate. The bankrupt, before he was adjudged such, executed and delivered to the appellee, his wife, for a valuable consideration, a bill of sale to the property here in question, but it was not filed for record until some time after the appellant's appointment as trustee of the bankrupt's estate.

When the plaintiff rested his case in the court below, the evidence was excluded at the request of the appellee, and a directed verdict was entered for her, and, from a judgment in accordance therewith, the appellant has brought the case to this court.

The appellant relies on section 2522, Code of 1906 (section 2056, Hemingway's Code), which provides that:

"A transfer or conveyance of goods and chattels, or lands, or any lease of lands, between husband and wife, shall not be valid as against any third person, unless the transfer or conveyance be in writing and acknowledged and filed for record as a mortgage or deed of trust is required to be; and possession of the property shall not be equivalent to filing the writing for record, but, to affect third persons, the writing must be filed for record."

The appellees' main contention is based on the holding of this court in *Green* v. *Weems,* 38 So. 551, 85 Miss. 566, that "when the 'third party' referred to in" section 2522, Code of 1906 (section 2056, Hemingway's Code), "is a creditor, that section means that he must be a lien creditor," and seems to be that the appellant is not such a creditor and does not as trustee of the bankrupt's estate represent any such. There is no merit in this contention.

The National Bankruptcy Law (U. S. Comp. St. sections 9585-9656) passes to the trustee all "property which prior to the filing of the petition he (the bankrupt) could by any means have transferred, or which might have been levied upon and sold under judicial process against him." Collier on Bankruptcy (13 Ed.), 1657. The property here in question meets both of these conditions, for, had it been transferred by the bankrupt or levied upon and sold under judicial process against him, the person to whom it was transferred or sold would have obtained a valid title thereto, for a purchaser is one of the "third persons" for whose benefit the statute was enacted.

*Reversed and remanded.*