ESTATE OF L. E. McKNIGHT, L. T. McCOURT, ADMINISTRATOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7455. Promulgated April 23, 1947.

*W. G. Boone, Esq.*, for the petitioner.
*S. Earl Heilman, Esq.*, for the respondent.

#### OPINION.

OPPER, *Judge*: Respondent determined against petitioner, as transferee, deficiencies in income and declared value excess profits taxes in the respective amounts of $1,762.87 and $1,049.24 for the period January 1 to November 16, 1942, all of which are placed in issue by this

---

[2] H. Rept. No. 2333, 77th Cong., 1st sess. (1942-2 C. B. 424).

proceeding. Petitioner, by failure to contest either at the hearing or on brief, has apparently conceded the propriety of the deficiencies against the transferor, and the sole issue is petitioner's liability for such taxes as transferee of the taxpayer's assets under the circumstances disclosed by the present record.

All of the facts were stipulated or were established by the pleadings or are deemed to be admitted pursuant to order of the Tax Court under Rule 18. They are hereby found accordingly.

Petitioner is the duly appointed administrator of the estate of L. E. McKnight, deceased. Decedent, who died in September or October, 1942, was the principal stockholder and president of a corporation known as Merchants Warehouse Co., apparently organized under the laws of Tennessee. The company was placed in liquidation on November 17, 1942.

Petitioner received the proceeds of all of the assets distributed in the liquidation, amounting to $7,052.20, and has now disbursed them all in discharge of various claims against the corporation, decedent, and the estate, as follows:

| Date paid | Description | Amount |
|---|---|---|
| Prior to Apr. 15, 1943 | Accrued expense of corporation | $446.64 |
| Prior to June 27, 1943 | Social security taxes | 338.29 |
| Oct. 1943–Dec. 1945 | Administration expenses of estate | 669.42 |
| Oct. 1945–Dec. 1945 | Widow's allowance in sum of $5,000 allowed by court in administration of estate | 5,097.85 |
| Oct. 1945 | Settlement of personal judgment against decedent entered in 1940 | 500.00 |
| Total | | 7,052.20 |

The provisions under which it could be, and apparently is insisted that a transferee liability exists are the transferee section of the Internal Revenue Code (sec. 311 (a)), on the one hand, and, on the other, R. S. sections 3466 and 3467 (31 U. S. C., 191 and 192), establishing, respectively, the priority of claims in favor of the United States and the liability of fiduciaries for the payment thereof.

R. S. 3467 is inapplicable to this proceeding.[1] The deficiency notice was directed, not toward L. T. McCourt "in his own person and estate," but only against the decedent's estate. The latter is the proper and sole party to these proceedings, and the administrator appears here only in his representative capacity.

Discussion of the transferee section can be guided by the propositions advanced by the parties. The issues apparently are, first, whether any

---

[1] SEC. 3467. *Liability of Fiduciary.*

Every executor, administrator, or assignee, or other person, who pays, in whole or in part, any debt due by the person or estate for whom or for which he acts before he satisfies and pays the debts due to the United States from such person or estate, shall become answerable in his own person and estate to the extent of such payments for the debts so. due to the United States, or for so much thereof as may remain due and unpaid.

part of the distributions to petitioner are eliminated by reason of its failure to receive notice of the Commissioner's claim; and, second, and principally, whether the nature of the obligations paid by petitioner and their relationship to the availability of funds for payment of the claim presently in controversy, relieve petitioner of its transferee liability.

On the first question we take it as well settled that a mere transferee of property acquired without consideration, and in violation of the rights of creditors, can not avoid liability under section 311 to any extent solely by the demonstration of his unawareness of the Government's adverse claim. *Scott* v. *Commissioner* (C. C. A., 8th Cir.), 117 Fed. (2d) 36. It is probable that a fiduciary may resort to lack of notice as a defense if pursued under section 3467. *Irving Trust Co.*, 36 B. T. A. 146; *United States* v. *Barnes* (Cir. Ct., S. Dist. N. Y.), 31 Fed. 705. But section 311, resting as it does upon common law and equitable doctrines of creditors' rights, is as broad as the authority of a creditor to pursue the assets of his debtor. See *Phillips* v. *Commissioner*, 283 U. S. 589. It follows that the failure, if it be such, of petitioner to have notice of the Government's claim before its receipt of the deficiency notice in the present proceeding is not in and of itself a bar to respondent's action.

On the second question respondent has met the burden of proof imposed upon him by Internal Revenue Code, section 1119 (a). *Phillips* v. *Commissioner, supra.* It is shown that property of the taxpayer was transferred to petitioner, and that thereupon the taxpayer, having liabilities and no assets, was insolvent; and the value of the property received likewise appears. *Edward H. Garcin*, 22 B. T. A. 1027, remanded pursuant to stipulation of parties (C. C. A., 4th Cir.), 79 Fed. (2d) 993. In that posture of the case the burden of going forward devolves upon the transferee to prove such circumstances as it claims, will relieve it of the liability, *Edward H. Garcin, supra*, such, for example, as a payment of the tax on behalf of the transferor or a discharge by payment of the transferor's creditors. See 9 Mertens, Law of Federal Income Taxation, 541. Even the latter can not be shown except by evidence that the debts of the transferor which the transferee has paid are of a priority character. *C. A. Hutton*, 21 B. T. A. 101; affd. (C. C. A., 9th Cir.), 59 Fed. (2d) 66.

Of all the payments relied upon, the only one as to which there is even a possibility that petitioner has thus discharged its burden is the payment of the social security taxes, which, being of equal dignity with those in issue, may perhaps be said to furnish a defense. With respect to all of the balance, the petitioner is liable as a transferee.

Such cases as *Jessie Smith, Executrix*, 24 B. T. A. 807, and *Union Guardian Trust Co.*, 41 B. T. A. 1306, are not to the contrary. There-

may be a priority over Federal taxes due by an estate in favor of certain other claims against the estate itself. Even that assumption depends upon the scope of local law, which in the case of Tennessee is highly questionable. See *Lyon* v. *Lyon*, 1 Tenn. Ch. 225. But here the estate never acquired full title to the property, at least in equity, see *Updike* v. *United States* (C. C. A., 8th Cir.), 8 Fed. (2d) 913; certiorari denied, 271 U. S. 651, and the estate's liability is not for a tax, but to make good the value of assets taken by it and to which it was not entitled. See *Edward Michael*, 22 B. T. A. 639; affd. (C. C. A., 2d Cir.), 75 Fed. (2d) 966; certiorari denied, 296 U. S. 579. The value of the property received after deducting the social security taxes being greatly in excess of the income and excess profits taxes sought to be collected from petitioner, respondent's determination was warranted and should be sustained.

Reviewed by the Court.

*Decision will be entered for the respondent.*