GRACE McKNIGHT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE. RESPONDENT.

Docket No. 19347.   Promulgated November 28, 1950.

*W. G. Boone, Esq.*, and *Charles H. Davis, Esq.*, for the petitioner. *S. Earl Heilman, Esq.*, for the respondent.

OPINION.

LEECH, *Judge:* The liability of the Merchants Warehouse Co. for the taxes here in question has been finally determined by decision of this Court in *Estate of L. E. McKnight*, 8 T. C. 871. The moneys realized by McCourt in his liquidation of the Merchants Warehouse Co. constituted in his hands a trust fund held first for the creditors of that corporation and secondly, as to any excess over and above corporate debts, for the owner of the stock of the corporation, which was the estate of L. E. McKnight, for which McCourt was acting as administrator. *Updike* v. *United States*, 8 Fed. (2d) 913, certiorari denied, 271 U. S. 661. These funds were not an asset of the estate of the deceased stockholder. The estate, or McCourt as administrator thereof, had no right to the assets of the Merchants Warehouse Co., but only to such excess as might remain after payment of the debts of that corporation. Here McCourt, after paying two items of indebtedness of the corporation, treated the balance of the assets in his hands as the property of the estate of McKnight, and disbursed them

in payment of a personal judgment against the decedent, administration expenses of the estate, and $5,000 in satisfaction of an allowance directed by the Probate Court to be made from the assets of the McKnight estate to the petitioner in satisfaction of her right under the Tennessee statute for a year's support. These payments left the corporation and the estate of L. E. McKnight without funds for the satisfaction of the indebtedness for the aforesaid taxes due from the corporation to the United States.

Petitioner contends that in so far as the payment of $5,097.85 made to her from her husband's estate is concerned, such payment was ordered by the court and that under Tennessee law this amount is not subject to the claim of creditors against the estate.[3] This contention overlooks the fact that the Tennessee statute has application only to assets of the estate and, as pointed out above, the assets of the estate in the present case consisted of the stock formerly owned by the decedent in the Merchants Warehouse Co., which carried with it the right to receive only so much of the assets of that company as remained after the payment of its debts. The moneys held by McCourt as liquidator of the Merchants Warehouse Co. were mistakenly treated by him, as administrator of the estate of McKnight, as property of the estate. They were not assets received by the administrator for payment of the debts of the estate and so may not be used for payment to the widow as an allowance for support. *Combs* v. *Combs*, 131 Tenn. 66, 173 S. W. 441. In *Mary A. Lyon, Admnx.* v. *J. T. Lyon & W. H. Hill*, 1 Tenn. Ch. 225, the court held that the above quoted statutes did not permit a widow's allowance to be paid out of the assets of a partnership in which her husband had been a partner, since the husband had no interest in the partnership assets until the partnership debts had been paid and such debts were greater than the assets.

In *Jessie Smith, Executrix*, 24 B. T. A. 807, we held that the tax liability due from the decedent to the Government did not have priority over a statutory allowance to a widow which was required by local law, where the assets of the decedent in the hands of the fiduciary were insufficient for both. Petitioner relies upon this decision, but it has no application to the present facts. Here the assets used in payment of the widow's allowance were not assets of the

---

[3] CODE OF TENNESSEE.

8231 4020 (2285). Year's support for widow and family.—Upon the application of the widow of an intestate, or of a widow who dissents from her husband's will, the county court shall appoint three freeholders, unconnected with her either by consanguinity or affinity, who, being first duly sworn to act impartially, shall set apart so much of the crop, stock, provisions, moneys on hand or due, or other assets, as may be necessary for the support of such widow and her family until the expiration of one year after the decease of her husband.

8232 4021 (2286). Year's support is widow's absolute property, and exempt from debts.—The moneys and effects so set apart shall be the absolute property of the widow for said uses, and shall not be taken into the account of the administration of the estate of said intestate, nor seized upon any precept or execution.

decedent's estate but assets held in trust by McCourt for payment first to the creditors of the Merchants Warehouse Co. As was pointed out in *Estate of L. E. McKnight, supra,* involving the liability of the estate as a transferee in connection with the transactions here involved, such liability of the estate was "to make good the value of assets taken by it and to which it was not entitled."

In *Christine D. Muller,* 10 T. C. 678, we held that a widow receiving property from her husband's estate which was exempt from execution in her hands under state law was a transferee and liable as such for Federal taxes due from her husband. See also *Pearlman v. Commissioner,* 153 Fed. (2d) 560, and *Kieferdorf v. Commissioner,* 142 Fed. (2d) 723, certiorari denied, 323 U. S. 733.

The petitioner here received the distribution of $5,097.85 as from the estate of her husband, this distribution leaving the estate without funds to meet liabilities. The liability of the estate of petitioner's husband, as transferee of assets of the Merchants Warehouse Co., was determined by us in *Estate of L. E. McKnight, supra.* As we said in that case:

* * * here the estate never acquired full title to the property, at least in equity, see *Updike v. United States* (C. C. A., 8th Cir.), 8 Fed. (2d) 913; certiorari denied, 271 U. S. 651 [*sic*], and the estate's liability is not for a tax, but to make good the value of assets taken by it and to which it was not entitled. See *Edward Michael,* 22 B. T. A. 639; affd. (C. C. A., 2d Cir.), 75 Fed. (2d) 966; certiorari denied, 296 U. S. 579. * * *

It necessarily follows that the petitioner, having received a distribution of $5,097.85 without consideration, and this distribution having left the Merchants Warehouse Co. and the estate of her decedent without funds to meet indebtedness, and such distribution being in excess of the amount of taxes due and unpaid from the Merchants Warehouse Co., petitioner is liable as a transferee for the amount of such taxes, with interest as provided by law.

Petitioner's counsel make a further contention that a burden rests upon the Government to show that a tax is due from the Merchants Warehouse Co. or the transferee liability determined by us in *Estate of L. E. McKnight, supra,* has not been paid and satisfied. We have found as a fact that payment has not been made, and this finding is amply justified by the record. Respondent offered in evidence, and petitioner's counsel specifically agreed to their receipt as such, statements of the tax accounts of assessments and collections with respect to these liabilities, signed by the collector of internal revenue. These were offered by respondent for the particular purpose of showing that the taxes in question and the transferee liability have not been satisfied. Petitioner's counsel may not agree to the acceptance of these in evidence without limitation and later contest the facts thereby established.

*Decision will be entered for the respondent.*