## L. T. McCourt, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 19346.   Promulgated November 28, 1950.

*W. G. Boone, Esq.*, and *Charles H. Davis, Esq.*, for the petitioner.
*S. Earl Heilman, Esq.*, for the respondent.

OPINION.

LEECH, *Judge:* Section 3466 of the Revised Statutes provides in part:

Whenever any person indebted to the United States is insolvent, or whenever the estate of any deceased debtor, in the hands of the executors or administrators, is insufficient to pay all the debts due from the deceased, the debts due to the United States shall be first satisfied; * * *

Section 3467 of the Revised Statutes provides:

Every executor, administrator, or assignee, or other person, who pays, in whole or in part, any debt due by the person or estate for whom or for which he acts before he satisfies and pays the debts due to the United States from such person or estate, shall become answerable in his own person and estate to the extent of such payments for the debts so due to the United States, or for so much thereof as may remain due and unpaid.

The liability of the Merchants Warehouse Co. for the taxes in question has been finally determined by decision of this Court in *Estate of L. E. McKnight*, 8 T. C. 871. The moneys realized by the petitioner in his liquidation of the Merchants Warehouse Co. constituted in his hands a trust fund held first for the creditors of that corporation and secondly, as to any excess over and above corporate debts, for the owner of the stock of the corporation, which was the estate of L. E. McKnight, for which petitioner was acting as administrator. *Updike v. United States*, 8 Fed. (2d) 913, certiorari denied, 271 U. S. 661.

These funds were not an asset of the estate of the deceased stockholder. The estate or the petitioner as administrator thereof had no right to the assets of the Merchants Warehouse Co. but only to such excess as might remain after payment of the debts of that corporation. Here the petitioner, after paying two items of indebtedness on the part of the corporation, treated the balance of the assets in his hands as the property of the estate of McKnight, and disbursed them in payment of a personal judgment against McKnight, administration expenses, and an allowance of $5,000 made by the Probate Court from the assets of the McKnight estate to the widow in satisfaction of her right under the Tennessee statute for a year's support. These payments left the corporation without funds for the satisfaction of indebtedness for taxes due the United States.

Petitioner contends, in so far as the payment of $5,097.85 to the widow is concerned, that such payment was ordered by the court and that under the Tennessee law this amount is not subject to the claim of creditors against the estate.[3] This contention overlooks the fact that the Tennessee statute has application only to assets of the estate and, as pointed out above, the assets of the estate here consisted of the stock formerly owned by the decedent in the Merchants Warehouse Co., which carried with it the right to receive only so much of the assets of that company as remained after the payment of its debts. The moneys held by the petitioner as liquidator of the Merchants Warehouse Co. were mistakenly treated by the petitioner, as administrator of the estate of McKnight, as property of the estate. They were not assets received by the administrator for payment of the debts of the estate and so may not be used for payment of an allowance to the widow for support. *Combs* v. *Combs*, 131 Tenn. 66, 173 S. W. 441. In *Mary A. Lyon, Admnx.* v. *J. T. Lyon & W. H. Hill*, 1 Tenn. Ch. 225, the court held that the above quoted statutes did not permit a widow's allowance to be paid out of the assets of a partnership in which her husband had been a partner, since the husband had no interest in the partnership assets until the partnership debts had been paid, and such debts were greater than the assets.

In *Jessie Smith, Executrix*, 24 B. T. A. 807, we held that the tax liability due from the decedent to the Government did not have priority

---

[3] CODE OF TENNESSEE.

8231    4020    (2285).    Year's support for widow and family.—Upon the application of the widow of an intestate, or of a widow who dissents from her husband's will, the county court shall appoint three freeholders, unconnected with her either by consanguinity or affinity, who, being first duly sworn to act impartially, shall set apart so much of the crop, stock, provisions, moneys on hand or due, or other assets, as may be necessary for the support of such widow and her family until the expiration of one year after the decease of her husband.

8232    4021    (2286).    Year's support is widow's absolute property, and exempt from debts.—The moneys and effects so set apart shall be the absolute property of the widow for said uses, and shall not be taken into the account of the administration of the estate of said intestate, nor seized upon any precept or execution.

over a statutory allowance to a widow which was required by local law, where the assets of the decedent in the hands of the fiduciary were insufficient for both. Petitioner relies upon this decision, but it has no application to the present facts. Here the assets used in payment of the widow's allowance were not assets of the decedent's estate but assets held in trust by petitioner for satisfaction first of the creditors of the Merchants Warehouse Co. As was pointed out in *Estate of L. E. McKnight, supra,* involving the liability of the estate as a transferee in connection with the transactions here involved, such liability of the estate was "to make good the value of assets taken by it and to which it was not entitled."

Petitioner's counsel make a further contention that a burden rests upon the Government to show that a tax is due from the Merchants Warehouse Co. or the transferee liability determined by us in *Estate of L. E. McKnight, supra,* has not been paid and satisfied. We have found as a fact that such payment has not been made, and this finding is amply justified by the record. Respondent offered in evidence, and petitioner's counsel specifically agreed to their receipt as such, statements of the tax accounts of assessments and collections with respect to these liabilities, signed by the collector of internal revenue. These were offered by respondent for the particular purpose of showing that the taxes in question and the transferee liability have not been satisfied. Petitioner's counsel may not agree to the acceptance of these in evidence without limitation and later contest the facts thereby established.

Petitioner's counsel further contend that the burden being upon the respondent to establish a liability on the part of the petitioner, such burden makes necessary that it be established that petitioner had knowledge at the time he made the aforesaid distributions that the indebtedness for taxes here in question existed. In answer to this it need merely be said that knowledge upon the part of the fiduciary as to the existence of the liability to the Government is not a specific requirement under sections 3466 and 3467, Revised Statutes. Respondent's proof has clearly established the condition laid down by those statutes and has consequently made the *prima facie* showing required of him. If the petitioner is exempt from the determination of a personal liability under those statutes by reason of the fact that he was ignorant of the liability due the United States for unpaid taxes, the establishing of this lack of knowledge is a matter of defense. The petitioner testified at the hearing of this proceeding and was never interrogated by his counsel as to whether he was in fact ignorant of the taxes due the Government from Merchants Warehouse Co. The record contains no evidence that petitioner was ignorant of these liabilities, and in this connection it is noted that he was secretary and treasurer of the Merchants Warehouse Co. and signed its tax return for the year for which these tax liabilities were asserted.

738

It is our conclusion that the record clearly establishes that there is an individual liability upon the petitioner under sections 3466 and 3467, Revised Statutes, for the unpaid tax liabilities of $1,762.87 and $1,049.24 of the Merchants Warehouse Co., which personal liability is subject to assessment and collection under section 311 (a) (2) of the Internal Revenue Code.

*Decision will be entered for the respondent.*

