REYNOLDS *v.* SMITH

No. 39926 February 6, 1956 85 So. 2d 178

*Dale McKibben,* Jackson; *J. W. Walker,* Mendenhall, for appellant.

 

*J. P. Edwards,* Mendenhall, for appellee.

ROBERDS, P. J.

On March 18, 1954, George W. Reynolds, the appellant, obtained a judgment against J. B. Smith for $500.00, interest and costs.

On April , 1954, at the instance of Reynolds, garnishment issued on that judgment to Grady Hines, and others, doing business as Mississippi Terminix Company.

On September 11, 1954, the Terminix Company answered that it owed J. B. Smith $600.00 which he had earned as one of its employees. The garnishee also answered that it had received a letter from an attorney for Mrs. J. B. Smith that she claimed to be the owner of, and had a right to, said sum owing to J. B. Smith. The letter stated that the rights of Mrs. Smith rested upon a written instrument J. B. Smith had executed October , 1951, reading as follows:

"STATE OF MISSISSIPPI
COUNTY OF SIMPSON

KNOW ALL MEN BY THESE PRESENTS, THAT I, J. B. Smith of Simpson County, Mississippi, being the lawful husband of Mrs. Mary J. Smith, do hereby assign and give to my said wife all of my future earnings from whatsoever derived, that may become due me by any and all of my future employers, and this instrument is to be the authority to demand and receive as her own any money that may hereafter arise by reason of my

service rendered to any of my employers or any other source whatsoever.

Witness my signature, this the day of October, 1951.

/s/ J. B. Smith.''

Reynolds attacked the validity of this instrument on the grounds (1) it had never been placed of record, as required by Section 455 Miss. Code 1942, being an attempt to transfer property from husband to wife, and (2) that it was a voluntary conveyance, without consideration, and a fraud upon the rights of creditors, and (3) that it was invalid under Section 454 of said Code, prohibiting contracts between husband and wife under which ''one shall claim or shall receive compensation from the other for services rendered * * *''.

Reynolds asked for a peremptory, which was refused. A jury found for Mrs. J. B. Smith, the claimant, and Reynolds appeals here.

We will assume, without deciding, that this instrument is valid between J. B. Smith and his wife. However, it is not valid as against Reynolds, the judgment creditor, under Section 455, which provides that transfers of goods, chattels, lands, leases, etc., from husband to wife shall not be valid against third persons unless such transfer be in writing, duly acknowledged and recorded. It will be noted that the writing copied above was not acknowledged and not recorded, and neither Reynolds, the judgment creditor, nor Terminix, the garnishee, had notice of such document until the garnishee was notified by counsel for Mrs. Smith on June 2, 1954. Black, Todd & Co. v. Robinson, 62 Miss. 68; Watkins v. Duvall, 69 Miss. 364, 13 So. 727; Snider v. Udell Woodenware Co., 74 Miss. 353, 20 So. 836; McCrory v. Donald, 119 Miss. 256, 80 So. 643; Stockstill v. Brooks, 142 Miss. 691, 107 So. 888.

Appellee relies upon Buckley & Son v. Dunn, 67 Miss. 710, 7 So. 550. The case is not in point here. It did not involve said Section 455, requiring transfers from hus-

band to wife to be acknowledged and recorded. In the Buckley case all of the business was done by the husband as agent of the wife. This was a venture under which the husband, expressly as agent of the wife, bought, cut and sold crossties to a railroad, the money for which being advanced by Buckley. It involved no transfer of property by the husband to the wife.

Reversed and remanded for entry of judgment in the lower court in favor of appellant and against the garnishee not to exceed $600.00, amount admitted by garnishee to be owing to J. B. Smith.

*McGehee*, C.J., and *Hall, Lee, Ethridge, Arrington, and Gillespie*, JJ., concur.