Minnie VILES, Administratrix of the Estate of Cloyd H. Viles, Deceased; Harvey Viles; Inez Viles Whaley; Minnie Viles, Petitioners,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 12688.

United States Court of Appeals Sixth Circuit.

May 18, 1956.

Myron R. Ely, Knoxville, Tenn., Harold B. Stone, Knoxville, Tenn., on the brief, for petitioners.

Carolyn R. Just, Washington, D. C., H. Brian Holland, Lee A. Jackson, A. F. Prescott, Washington, D. C., for respondent.

Before MARTIN, MILLER and STEWART, Circuit Judges.

MILLER, Circuit Judge.

The petitioners seek a review of the judgment of the Tax Court sustaining the assessment of income taxes made by the Commissioner against them for the years 1947, 1948 and 1949.

The taxpayer Cloyd H. Viles filed individual income tax returns for 1947 and 1948. No return was filed by or for him for 1949. He died January 8, 1950. His mother, Minnie Viles, was appointed successor administratrix of his estate on April 4, 1950. In the distribution of the estate she distributed to the taxpayer's brother, Harvey Viles, and to the taxpayer's sister, Inez Viles Whaley, the sum of $3,773.86 apiece. She distributed all the assets of the estate and made her final settlement as administratrix, which was approved by the State Court on July 3, 1951. In making distribution and settlement, she did not pay any portion of the assessments herein involved. The Tax Court upheld the assessments in the total amount of $14,897.15 for the three years in question against Minnie Viles as Administratrix of the estate of Cloyd H. Viles, the assessment against Harvey Viles in the amount of $3,773.86 as transferee of the assets of the estate of Cloyd H. Viles, the assessment against Inez Viles Whaley in the amount of $3,773.86 as transferee of the assets of the estate of Cloyd H. Viles, and the assessment in the amount of $14,897.15 against Minnie Viles individually for having failed as fiduciary of the estate of Cloyd H. Viles to pay the assessments against the taxpayer out of the assets of the estate.

The taxpayer was in the Federal Penitentiary at Atlanta, Georgia, from February 23, 1938 to October 8, 1942. Thereafter he was on probation until February 22, 1945, during which period he filed monthly supervision reports showing that he was employed as a truck driver at monthly wages ranging from $35.20 to $97.59. There is no record of a return filed by him for the years 1942 and 1946. His 1943 and 1945 returns showed no tax liability. His 1944 return showed a tax liability of $57.00 of which $51.83 was withheld from his wages. His returns for 1947 and 1948 showed adjusted gross income of $1,480.00 and $4,680.00 respectively, with a tax liability of $91.20 for 1947 and $133.00 for 1948. His occupation was given as "Retail Whiskey Dealer."

In investigating taxpayer's returns for 1947 and 1948 the Commissioner was unable to find any books or records kept by the taxpayer from which his income tax liability could be computed. He accordingly determined taxpayer's income for those years, and also for 1949, on the basis of cash disbursements. These disbursements included the purchase in 1947 of a Cadillac automobile for $3,315.00, the purchase in 1948 of a Chrysler automobile for $2,000.00, the purchase in 1949 of a Ford automobile of $742.56, the purchase in 1949 of furniture in the amount of $7,221.84, the purchase of real estate in 1948 for $26,125.00, cash paid in 1949 in a property settlement with his divorced wife in the amount of $3,000.00, and estimated living expenses of from $4,000.00 to $4,680.00 per year for each of the three years involved. The total expenditures in each year exceeded the adjusted gross income reported for such year by $14,349.32 in 1947, $16,110.68 in 1948, and $15,464.40 in 1949, upon which amounts the deficiency assessments were based.

Under the circumstances in this case the use of the cash expenditure method for the purpose of determining the taxpayer's adjusted gross income was authorized. United States v. Johnson, 319 U.S. 503, 517, 63 S.Ct. 1233, 87 L.Ed. 1546, rehearing denied 320 U.S. 808, 64 S.Ct. 25, 88 L.Ed. 488; Cohen v. Commissioner, 10 Cir., 176 F.2d 394, 398–399; Halle v. Commissioner, 2 Cir., 175 F.2d 500, 502–503. See Doll v. Glenn, 6 Cir., 231 F.2d 186. Being analogous to the now approved net worth method, there are certain limitations upon its use, which limitations, however, were not violated in the present case. United States v. Caserta, 3 Cir., 199 F.2d 905,

906, 907; Holland v. United States, 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150.

■ Taxpayer's chief contention that the expenditure method did not correctly reflect his income because it did not give consideration to approximately $24,000 which he owned on January 1, 1947 and had placed with others for safekeeping has no merit. The taxpayer attempted to support this contention by evidence in the hearing before the Tax Court, but such evidence was not only contradictory of itself but was so incredible and so inconsistent with the actualities of the situation the Tax Court properly refused to give it credence. There was no error in so doing. Friedberg v. United States, 348 U.S. 142, 75 S.Ct. 138, 99 L.Ed. 188. It was not necessary that it be contradicted by Government witnesses in order to be disregarded by the Court. Quock Ting v. United States, 140 U.S. 417, 420–421, 11 S.Ct. 733, 35 L.Ed. 501; Cohen v. Commissioner, 2 Cir., 148 F.2d 336, 337.

■ The taxpayer complained below of the negligence penalties assessed under the provisions of Sections 291(a) and 293(a), Internal Revenue Code of 1939, 26 U.S.C.A. §§ 291(a), 293(a). But this contention is not made on the present review and is accordingly not considered as still an issue in the case. N. L. R. B. v. Kentucky Utilities Co., 6 Cir., 182 F.2d 810, 814.

■ Some of the Commissioner's testimony before the Tax Court was clearly hearsay and inadmissible. Parish's Estate v. Commissioner, 7 Cir., 187 F. 2d 390, 395; Walker v. Creamery Products Co., 2 B.T.A. 474; Rule 31, Rules of Tax Court, 28 U.S.C.A. § 7453. But the burden was not upon the Commissioner to sustain the assessment, which established a prima facie case of liability. The burden rested upon the taxpayer to show that the Commissioner's determination was invalid. Durkee v. Commissioner, 6 Cir., 162 F.2d 184, 187; Helvering v. Taylor, 293 U.S. 507, 55 S. Ct. 287, 79 L.Ed. 623; Thomas v. Commissioner, 6 Cir., 223 F.2d 83, 88. Dis-

regarding the hearsay evidence, petitioners' evidence was clearly insufficient to meet this burden.

■ It seems clear that the taxpayer's brother and sister, each of whom received distributions of property from the estate, are liable as transferees under Section 311(a), Internal Revenue Code 1939, 26 U.S.C.A § 311(a). Phillips v. Commissioner, 283 U.S. 589, 51 S.Ct. 608, 75 L.Ed. 1289; Robinette v. Commissioner, 6 Cir., 139 F.2d 285, 288. Although they joined in the Petition for Review, they have not supported by brief their contention to the contrary.

■ The Tax Court found that Minnie Viles, Administratrix of the Estate of Cloyd H. Viles, had in her hands on or about July 15, 1950 assets of the estate amounting to $15,433.13. At a conference with her at that time the revenue agent advised her of his computations and proposed report of tax liability and that no distribution should be made of the remaining assets of the estate until its liability therefor had been settled. The Administratrix, however, proceeded with the distribution and made her final settlement without paying the tax claims herein involved. The Tax Court has imposed upon her personal liability for the $14,897.15 deficiency under the provisions of Sections 191 and 192, Title 31 U.S.C.A. These sections give a priority in payment to "the debts due to the United States." Federal income taxes are "debts" due the United States. Price v. United States, 269 U.S. 492, 46 S.Ct. 180, 70 L.Ed. 373; Stripe v. United States, 269 U.S. 503, 46 S.Ct. 182, 70 L. Ed. 379.

■ Petitioners contend that the rule is restricted to taxes which have been assessed and does not include a claim for taxes, as in the present case, which has not been officially approved in a liquidated amount. Reference is made to the well settled meaning of the word "debt," which is used in the statute, as a sum of money due by certain and express agreement, in contrast to the word "liability." Gilman v. Com-

**380**

missioner, 8 Cir., 53 F.2d 47; M. A. Burns Mfg. Co. v. Commissioner, 9 Cir., 59 F.2d 504; Electric Reduction Co. v. Lewellyn, 3 Cir., 11 F.2d 493. Some support for this view may exist in the opinion in Com. of Massachusetts v. United States, 333 U.S. 611, at 625–627 with note on page 627, 68 S.Ct. 747, at pages 755–756, 92 L.Ed. 968.

We are of the opinion, however, that such a strict construction of the statute is not the correct one. It was settled at an early date that the statute was founded upon motives of public policy in order to secure an adequate revenue to sustain the public burdens and discharge the public debts, and should be liberally construed. United States v. State Bank of North Carolina, 6 Pet. 29, 35, 8 L.Ed. 308; Beaston v. Farmers' Bank, 12 Pet. 102, 134, 9 L.Ed. 1017; Bramwell v. U. S. Fidelity & G. Co., 269 U.S. 483, 487, 46 S.Ct. 176, 70 L.Ed. 368. The Court said in Beaston v. Farmers' Bank, supra: "All debtors to the United States, whatever their character, and by whatever mode bound, may be fairly included within the language used. * * * As this statute has reference to the public good, it ought to be liberally construed."

In the present case, all the facts giving rise to the taxes had occurred. Whatever tax liability existed by reason thereof was past due and in default. It had become an accrued liability. Rosenberg v. McLaughlin, 9 Cir., 66 F.2d 271, 272–273, certiorari denied Rosenberg v. Lewis, 290 U.S. 696, 54 S.Ct. 132, 78 L.Ed. 599. Formal assessment by the Commissioner was not necessary to establish liability. Leighton v. United States, 289 U.S. 506, 53 S. Ct. 719, 77 L.Ed. 1350; United States v. Premier Oil Refining Co., 209 F.2d 692, 697, affirmed U. S. v. Koppers Co., 348 U.S. 254, 75 S.Ct. 268, 99 L.Ed. 302; United States v. Grand Rapids & I Ry. Co., D.C., 5 Cir., 239 F. 153, affirmed 6 Cir., 256 F. 989, certiorari denied 248 U.S. 561, 39 S.Ct. 7, 63 L.Ed. 422. The taxes may be disputed as a matter of law, but they are in no way contingent upon the happening of a later event. While ultimate liability and the exact amount thereof were not yet determined, and in fact were contested by the taxpayer, the same is often true even after the formal assessment by the Commissioner. As said in Price v. United States, supra, 269 U.S. at page 500, 46 S.Ct. at page 181, an action of debt lies to recover taxes "where the amount due is certain or readily may be made certain." Under the circumstances, notice of the claim of delinquent taxes given to the fiduciary before distribution of the assets was sufficient to make the statute applicable.

It was not necessary for the Government to appear in or become a party to the probate court proceedings and its priority was not affected by the state court's judgment. Field v. United States, 9 Pet. 182, 200–201, 9 L.Ed. 94; United States v. Fisher, D.C.E.D.Mich., 57 F.Supp. 410, 414. See United States Dept. of Agr. etc. v. Remund, 330 U.S. 539, 542, 67 S.Ct. 891, 91 L.Ed. 1082.

The judgment of the Tax Court is affirmed.