Rockingham,
No. 5438.

## In re George H. Bushway Estate.

Argued February 1, 1966.
Decided March 30, 1966.

*Burns, Bryant & Hinchey* and *Paul R. Cox* (·*Mr. Cox* orally), for the executor as amicus curiae.

*Richard M. Roberts,* Acting Assistant United States Attorney General, *Lee A. Jackson* and *Joseph Kovner,* Attorneys (all of Washington, D. C.), and *Louis M. Janelle,* United States Attorney (*Mr. Janelle* orally), for the United States of America.

*Perkins, Holland & Donovan* (*Mr. Robert B. Donovan* orally), for Merchants National Bank of Newburyport, Massachusetts.

DUNCAN, J. The certified questions arise out of a petition filed by the executor seeking instructions as to the proper distribution of the assets of the estate in his hands, the same being insufficient to satisfy the outstanding claims against the estate. The parties before us are in substantial agreement concerning their relative rights.

By virtue of 31 U.S.C.A., *s.* 191 (*s.* 3466 of Revised Statutes), the obligation to the United States has priority over other claims against the insolvent estate, except as to specific property of which the debtor has been divested of either title or possession before insolvency. *Thelusson* v. *Smith,* 2 Wheat. 396, 426; *United States*

v. *Gilbert Associates,* 345 U. S. 361, 366; *United States* v. *Atlantic Municipal Corp.,* 212 F. 2d 709 ( 5th Cir. 1954 ). *Cf. United States* v. *Vermont,* 377 U. S. 351. See Annot. 5 L. *ed.* 2d 929, 933-935; *United States* v. *Boston & Berlin Transp. Co.,* 237 F. Supp. 1004, 1009 ( D. N. H. 1964 ).

The fact that the claim of the United States was presented to the Commissioner more than six months after his appointment ( see RSA 557:7 ( supp )) is no bar to priority. Timely notice of the tax deficiency was given to the executor on December 12, 1963. 31 U.S.C.A., *s.* 192; *King* v. *United States,* 379 U. S. 329; *Viles* v. *Commissioner,* 233 F. 2d 376 ( 6th Cir. 1956 ). See 26 U.S.C.A., *s.* 6321. The limitation of the state statute cannot bar the federal claim, presented before distribution. *Reconstruction &c. Corp.* v. *Faulkner,* 100 N. H. 192; *Jones & Co.* v. *Foodco Realty, Inc.,* 318 F. 2d 881, 888 ( 4th Cir. 1963 ).

It is not questioned that possession of the collateral held by the bank was transferred to it well before filing of notice of the tax lien, and accordingly the bank's right to retain its security interest is unchallenged. 26 U.S.C.A., *ss.* 6321, 6323; 9 Merten, Law of Federal Income Taxation, *s.* 54.44. See Mass. G. L. Anno., Ch., 106, *s.* 9-305; RSA 382-A:9-305 ( Uniform Commercial Code ). Beside the collateral standing in the name of the estate the bank holds other security for the same indebtedness. Under the statute, its claim should not be allowed in the insolvency proceedings unless the commissioner estimates the total security to be of less value than the debt. RSA 557:15. If so estimated, only the amount of its claim which exceeds the value of the security should be allowed as unsecured, and the bank may surrender the security to the executor for liquidation if dissatisfied with the commissioner's estimate of value. RSA 557:16.

The certified questions, which need not be set out here, are answered as follows: The claim of the Internal Revenue Service has priority over the claims of other creditors, except as to so much of the claim of Merchants National Bank as is secured by the collateral pledged to it. The funds in the hands of the executor available for distribution, exclusive of the value of proceeds of the securities held by the bank, should be paid to the Internal Revenue Service in satisfaction of the testator's tax indebtedness; and any remaining funds should be distributed pro rata among the unsecured creditors whose claims have been allowed by the commissioner. RSA 557:23, 24.

The question of the jurisdiction of the probate court, raised by the United States Attorney, to certify the question before us and to enter an appropriate decree for distribution is not doubtful. *In re Byrne Estate,* 98 N. H. 300, 302, and cases cited. *In re Peterson Estate,* 104 N. H. 508. RSA 547:30, *supra.*

*Remanded.*

All concurred.