DAVID SHAWN BECKWITH, FIDUCIARY AND TRANSFEREE OF THE ASSETS OF THE ESTATE OF GLADYS C. BECKWITH, DECEASED, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
BECKWITH v. COMMISSIONER
Docket No. 23938-93
United States Tax Court
T.C. Memo 1995-20; 1995 Tax Ct. Memo LEXIS 20; 69 T.C.M. (CCH) 1678; January 17, 1995, Filed *20 An appropriate order and decision will be entered for respondent. P, a coexecutor of D's estate, received property from the estate in P's capacity as a beneficiary. R determined that P is personally liable for the estate's unpaid estate tax, as a fiduciary of the estate and as a transferee of its assets. Held: P is personally liable for the tax as a fiduciary. Sec. 6901(a)(1)(B), I.R.C.; 31 U.S.C. sec. 3713(b) (1988). Held, further, P is also personally liable for the tax as a transferee. Sec. 6324(a)(2), I.R.C.
For petitioner: Martha A. Miller. For respondent: Lyle B. Press and James B. Biagi. LARO
LARO
MEMORANDUM OPINION LARO, Judge: David Shawn Beckwith petitioned the Court to redetermine respondent's determination that he is personally liable for $ 36,574.57 in Federal estate tax owed by the Estate of Gladys C. Beckwith (the Estate), as a fiduciary of the Estate and as a transferee of its assets. [1]
*21 Respondent moves the Court for summary judgment under Rule 121. [2] Respondent alleges that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. We agree. The case is ripe for summary judgment. The sole issue for decision is whether petitioner is personally liable for the unpaid Federal estate tax of the Estate. We hold that he is. Petitioner is personally liable as a fiduciary of the Estate, and as a transferee of its assets. Respondent's motion is mainly supported by: (1) Affirmative allegations in her answer that petitioner admitted in his reply, (2) affirmative allegations in her answer that petitioner was deemed to have admitted under Rule 37(c), [3] *23 and (3) matters in her request for admissions that petitioner was deemed to have admitted under Rule 90(c). The request for admissions was served *22 on petitioner on June 20, 1994. Petitioner failed to respond timely. Each matter contained therein is deemed admitted. Id. Petitioner moved on December 5, 1994, to vacate these admissions. We denied his motion. The record indicates that a withdrawal of the admitted matters would not further the presentation of the merits of the case. See Rule 90(f). Petitioner's motion failed to address adequately this requirement for vacating deemed admissions. Petitioner also has flagrantly ignored our orders, and has blatantly violated our Rules by not complying with respondent's discovery requests. [4] Based on the record as a whole, we find it unreasonable to conclude that a withdrawal of the deemed admissions would serve the presentation of the merits of the case, as is required to vacate the admissions under Rule 90(f). *24 Petitioner is the grandson of Gladys C. Beckwith (decedent), who was a resident of the State of New York when she died on December 5, 1988. The Estate's tax return was filed with respondent's service center in Andover, Massachusetts, on August 28, 1989. Petitioner was a coexecutor of the Estate, and he signed the estate tax return in that capacity. Respondent determined a $ 91,986.02 deficiency in the Estate's Federal estate tax. This deficiency, to the extent of $ 36,574.57, has not been satisfied and is a debt due the United States within the meaning of 31 U.S.C. sec. 3713. Petitioner, in his capacity as a beneficiary of the Estate, received from the Estate property valued at $ 208,877. Motion for Summary Judgment
Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials of phantom factual issues. Kroh v. Commissioner, 98 T.C. 383, 390 (1992); Shiosaki v. Commissioner, 61 T.C. 861, 862 (1974). The concept of summary judgment is specifically recognized by this Court, and is deeply ingrained in our procedural rules. Rule 121(a) provides *25 that either party may move for summary judgment in his or her favor upon any or all legal issues in controversy. When either party makes such a motion, the opposing party must file "An opposing written response, with or without supporting affidavits, * * * within such period as the Court may direct." [5]Rule 121(b). A decision on the merits of a taxpayer's claim will then be rendered by way of summary judgment "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Id.
*26 Because summary judgment decides the case against a party without the benefit of a trial, the Court grants such a remedy cautiously and sparingly, and only after carefully ascertaining that the moving party has met the criteria. Associated Press v. United States, 326 U.S. 1, 6 (1945); Espinoza v. Commissioner, 78 T.C. 412, 416 (1982). The Court will not resolve disagreements over material factual issues in a summary judgment proceeding. Espinoza v. Commissioner, supra at 416; Matson Navigation Co. v. Commissioner, 67 T.C. 938, 951 (1977). The burden of proving that there is no genuine issue of material fact rests on the moving party, and factual inferences are viewed in the light most favorable to the nonmoving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962); Kroh v. Commissioner, supra at 390; Preece v. Commissioner, 95 T.C. 594, 597 (1990). Respondent supported her motion for summary judgment with the pleadings, deemed admissions, and an affidavit *27 of one of her attorneys. Petitioner filed an opposition, but it is not supported by an affidavit, answers to interrogatories, deposition, or other acceptable materials. We find that this opposition does not appropriately set forth specific facts showing a genuine issue for trial. We view "the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits", and find no genuine issue as to any material fact. Rule 121(b). Accordingly, we conclude that we may decide this case by way of summary judgment. Rule 121(d); Celotex Corp. v. Catrett, 477 U.S. 317, 322-323 (1986); Wiley v. United States, 20 F.3d 222, 225 (6th Cir. 1994). Transferee and Fiduciary Liability
The executor of an estate must pay its Federal estate tax, sec. 2002, and may be held personally liable for any unpaid tax, 31 U.S.C. sec. 3713(b); sec. 20.2002-1, Estate Tax Regs. Thirty-one U.S.C. sec. 3713(b) provides that an executor who pays a debt of the estate, before satisfying and paying a claim owed to the United States, is personally liable *28 to the extent of the payment. See Fitzgerald v. Commissioner, 4 T.C. 494, 504 (1944). The term "debt" includes a beneficiary's share of an estate. Sec. 20.2002-1, Estate Tax Regs; see also Viles v. Commissioner, 233 F.2d 376, 379-380 (6th Cir. 1956), affg. T.C. Memo. 1955-142. Thus, if an executor pays a debt of the estate or distributes any portion of the estate before all of its tax is paid, he or she is personally liable, to the extent of the payment or distribution, for so much of the tax that remains due and unpaid. Sec. 20.2002-1, Estate Tax Regs. For this liability to ripen, however, a fiduciary must also have had actual or constructive knowledge of the debt owed the United States, when the estate had sufficient assets to pay it. New v. Commissioner, 48 T.C. 671, 676-677 (1967). This knowing disregard of the debt owed the United States serves to impose liability on a fiduciary. Leigh v. Commissioner, 72 T.C. 1105, 1109-1110 (1979); New v. Commissioner, supra at 676-677; see also Forehand v. Commissioner, T.C. Memo. 1993-618. *29 Petitioner agrees that he was a coexecutor/fiduciary of the Estate and signed its Federal estate tax return in that capacity. Petitioner contests, however, respondent's determination that this fiduciary relationship makes him personally liable for the $ 36,574.57 in Federal estate tax that was owed by the Estate. The record establishes that petitioner had actual or constructive knowledge of the unpaid tax at the time that he distributed the estate to the beneficiaries. Leigh v. Commissioner, supra at 1109-1110; see also Forehand v. Commissioner, supra.Petitioner's response to respondent's motion for summary judgment fails to create a genuine issue of material fact in that respect. [6] Accordingly, we sustain respondent as to petitioner's liability as a fiduciary. We will grant respondent's motion with respect to petitioner's fiduciary liability. [7]
*30 For the foregoing reasons, An appropriate order and decision will be entered for respondent. Footnotes
1. Petitioner resided in Columbus, Ohio, when he filed his petition.↩
2. Rule references are to the Tax Court Rules of Practice and Procedure. Unless otherwise indicated, section references are to the Internal Revenue Code as amended.↩
3. Respondent moved this Court on Feb. 23, 1994, that the undenied allegations in her answer be deemed admitted. We notified petitioner that these allegations would be deemed admitted unless he filed a reply on or before Mar. 17, 1994. Petitioner did not admit or deny all of these allegations. Accordingly, the undenied affirmative allegations are considered admitted. Rule 37(c).↩
4. On June 20, 1994, respondent served petitioner with a request for answers to interrogatories and a request for production of documents. Petitioner did not comply with these requests, and respondent moved the Court on July 29, 1994, and Aug. 8, 1994, to compel production of the documents and answers to the interrogatories, respectively. We granted both of these motions and ordered petitioner: (1) To produce the requested documents to respondent's counsel by Aug. 29, 1994, or to file a response with the Court stating why the documents should not be produced, and (2) to furnish answers to the interrogatories to respondent's counsel by Sept. 6, 1994, or to file a response with the Court stating why the interrogatories should not be answered. When this case was called from the calendar in New York, New York, on Sept. 19, 1994, petitioner had not yet complied with our order to produce the requested documents to respondent, and appeared to have not yet complied with our order to answer the interrogatories. Petitioner also did not comply with our standing pretrial order, dated Apr. 18, 1994, to prepare a trial memorandum and to submit a copy of it to the Court and to his adversary at least 15 days before the trial session.↩
5. According to Rule 121(d): When a motion for summary judgment is made and supported as provided in this Rule, an adverse party may not rest upon the mere allegations or denials of such party's pleading, but such party's response, by affidavits or as otherwise provided in this Rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, then a decision, if appropriate, may be entered against such party.↩
6. Indeed, petitioner does not even allege that he lacked knowledge of the estate's unpaid taxes at the time of the distributions.↩
7. Respondent also determined that petitioner is personally liable for the tax as a transferee of assets. We also sustain this determination. Based on the facts before us, we are confident that petitioner is personally liable as a transferee. Viles v. Commissioner, 233 F.2d 376, 379-380 (6th Cir. 1956), affg. T.C. Memo. 1955-142. Petitioner admitted that he was so liable when he failed to deny respondent's affirmative allegation to this effect. Rule 37(c). The $ 208,877 of property received by petitioner from the Estate exceeds the $ 36,574.57 owed to the Government. See sec. 6324(a)(2)↩ (transferee of property included in gross estate under secs. 2034 to 2042 is personally liable for any unpaid tax of the estate to the extent of the value of the property received by him or her).