T.C. Memo. 1999-284


UNITED STATES TAX COURT


ESTATE OF FLORENCE H. DEVIDA JOHNSON, DECEASED,
RICHARD B. PERLMAN, EXECUTOR, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20477-96.               Filed August 27, 1999.


Richard B. Perlman, for petitioner.

Robert W. Dillard, for respondent.


MEMORANDUM OPINION

LARO, Judge: The parties submitted this case to the Court
without trial. See Rule 122. Respondent determined that
Florence H. DeVida Johnson (Ms. Johnson) is personally liable as
a fiduciary for disbursements she made while acting as personal
representative of the estate of Samuel C. Johnson III (Mr.
Johnson). Respondent issued a notice of liability to the Estate

of Florence H. DeVida Johnson (petitioner) on June 25, 1996.[1]
Petitioner petitioned the Court for a redetermination of the
notice of liability.  The sole issue for decision is whether Ms.
Johnson is personally liable under title 31 U.S.C. section 3713
(1994), for unpaid income taxes and additions to tax (and accrued
interest thereon) owed by Mr. Johnson's estate.  We hold Ms.
Johnson is personally liable to the extent set forth herein.
Unless otherwise noted, section references are to the Internal
Revenue Code.  Rule references are to the Tax Court Rules of
Practice and Procedure.

## Background

All facts are stipulated and are so found.  The stipulated
facts and exhibits submitted therewith are incorporated herein.
Mr. Johnson died on April 8, 1987, and Ms. Johnson was appointed
personal representative of Mr. Johnson's estate.  Ms. Johnson
died on January 19, 1996.  Mr. Johnson and Ms. Johnson were
married on November 3, 1962, but they lived apart after November
1979 without ever divorcing.  Prior to his death, Mr. Johnson
filed a petition in bankruptcy, and his bankruptcy case spanned

---

[1]Because Ms. Johnson was deceased on the date respondent
issued the notice of liability, the notice of liability was
mailed to petitioner.  It is undisputed that petitioner would be
liable in respect of any personal liability imposed on Ms.
Johnson under tit. 31 U.S.C. sec. 3713 (1994).  Consequently, the
issue is framed in terms of her personal liability under that
statute.

nearly 4 years without his ever receiving a discharge. Mr. Johnson's gross estate consisted of assets with a total fair market value of $69,700.

At the time of his death, Mr. Johnson was liable for outstanding assessed Federal income tax liabilities (excluding interest) of the following amounts:

|  | 1979 | 1980 | 1981 | 1982 | 1983 | 1984 | Total |
|---|---|---|---|---|---|---|---|
| Unpaid tax liability | $8,200 | $4,604 | $3,301 | --- | $6,849 | $806 | $23,760 |
| Penalties: |  |  |  |  |  |  |  |
| § 6651(a)(1) | 432 | --- | --- | --- | --- | --- | 432 |
| § 6651(a)(2) | 216 | 92 | 43 | 63 | 205 | 24 | 643 |
| § 6654 | 360 | 294 | 330 | 310 | 420 | 145 | 1,859 |
| Collection fees | 52 | 44 | 18 | 10 | 24 | --- | 148 |
| Total | 9,260 | 5,034 | 3,692 | 383 | 7,498 | 975 | 26,842 |

Federal tax liens for Mr. Johnson's 1979, 1980, 1981, 1982, 1983, and 1984 income tax liabilities arose when the taxes were assessed on August 11, 1980, July 20, 1981, May 17, 1982, October 10, 1983, October 1, 1984, and September 16, 1985, respectively.

Respondent filed notices of Federal tax lien as follows:

| Date Notice Filed | County Where Notice Filed | Tax Year(s) | Unpaid Assessment |
|---|---|---|---|
| 6/17/81 | Philadelphia | 1979 | $10,127.51 |
| 9/15/81 | Philadelphia | 1980 | 5,145.39 |
| 4/5/90 | Philadelphia | 1983/1984 | 8,848.26 |
| 10/21/82 | Philadelphia | 1981 | 3,749.42 |
| 11/5/82 | Chester | 1980/1981 | 8,894.81 |
| 4/2/90 | Chester | 1983/1984 | 8,848.26 |

Respondent refiled notices of Federal tax lien for the 1979 and 1980 taxes on November 21, 1986, but did not refile for any other years.

In her capacity as personal representative of Mr. Johnson's estate, Ms. Johnson made several distributions from the estate, including the following distributions on the following dates:

| Check Number | Date | Payee | Amount |
|---|---|---|---|
| 25 | 4/8/88 | Florence Johnson | $500.00 |
| 30 | 7/22/88 | Florence Johnson | 10,807.25 |
| 31 | 9/18/88 | Benton Dental | 2,040.38 |
| 33 | 9/19/88 | Freedom Valley Bank | 35,000.00 |
| 15071 | 11/10/88 | Florence Johnson | 952.64 |
| Total | | | 49,300.27 |

Check number 30 represents payment on a judgment obtained by Ms. Johnson against Mr. Johnson on June 8, 1987, for delinquent child support.[2]  Check number 31 represents payment on a judgment obtained by Benton Dental against Mr. Johnson on July 7, 1988.[3] The nature of the remaining payments is unknown.  Prior to making these distributions, Ms. Johnson filed an inheritance tax return with the Commonwealth of Pennsylvania regarding Mr. Johnson's estate.  Therein, she stated Mr. Johnson owed the Internal Revenue Service $30,000.  Ms. Johnson made no payments to the Internal Revenue Service for these taxes.  Mr. Johnson's estate was insolvent at all times.

Respondent determined Ms. Johnson is personally liable as a fiduciary pursuant to title 31 U.S.C. section 3713(b) for unpaid tax, additions to tax, and interest owed by Mr. Johnson to the extent of the five payments made by Ms. Johnson of $49,300.27.

## Discussion

The Federal government's claim to priority over creditors of an insolvent estate rests on a statute that has been in effect for more than 200 years.  See United States v. Estate of Romani, 523 U.S. 517 (1998); United States v. Moore, 423 U.S. 77, 80

---

[2]This judgment was entered in the Court of Common Pleas of Philadelphia County, Philadelphia, Pennsylvania., Family Court Division.

[3]The judgment was entered in the Court of Common Pleas of Philadelphia County, Pennsylvania.

(1975).  We are called upon in this case to apply this centuries-old law to the facts herein.

Section 6901 provides for the assessment, payment, and collection of the liability of a fiduciary under title 31 U.S.C. section 3713(b).  See sec. 6901(a)(1)(B).  A fiduciary includes a personal representative, administrator, or any other person acting in a fiduciary capacity.  See sec. 7701(a)(6).  The Federal priority statute, 31 U.S.C. sec. 3713, requires that a claim of the United States Government be paid first when a decedent's estate is insolvent.  See 31 U.S.C. sec. 3713(a)(1)(B).  Federal income taxes qualify as a claim of the United States Government for purposes of the priority statute. See Viles v. Commissioner, 233 F. 2d 376 (6th Cir. 1956), affg. T.C. Memo. 1955-142.   When a personal representative of an estate distributes assets of the estate in derogation of the priority of debts owed to the United States, the personal representative is personally liable for the unpaid claims of the United States to the extent of the distributions.  See 31 U.S.C. sec. 3713(b); United States v. Coppola, 85 F.3d 1015, 1019-1020 (2d Cir. 1996).  For this liability to ripen, a fiduciary must have had actual or constructive knowledge of the debt owed the United States.  See New v. Commissioner, 48 T.C. 671, 676-677 (1967); Beckwith v. Commissioner, T.C. Memo. 1995-20.  The fiduciary must have notice of the claim which has been defined to

include "actual knowledge of such facts as would put a prudent person on inquiry as to the existence of the claim." United States v. Vibradamp Corp., 257 F. Supp. 931, 935 (S.D. Cal. 1966). This knowing disregard of the debt owed the United States serves to impose liability on a fiduciary. See Leigh v. Commissioner, 72 T.C. 1105, 1109-1110 (1979); Forehand v. Commissioner, T.C. Memo. 1993-618.

Petitioner has the burden of proving that Ms. Johnson lacked knowledge of the taxes. See McCourt v. Commissioner, 15 T.C. 734 (1950). On this record, we hold petitioner is personally liable as a fiduciary to the extent of $30,000. Mr. Johnson's outstanding taxes were "a claim of the United States Government" under 31 U.S.C. section 3713. See Viles v. Commissioner, supra. Mr. Johnson's estate was insolvent at all times. Ms. Johnson knew about the taxes owed by Mr. Johnson to the extent of $30,000. Ms. Johnson should have paid this amount to the Internal Revenue Service before making each of the five disbursements.

Most of petitioner's energy on brief is spent trying to convince us Ms. Johnson did not know about any of the taxes when she made the disbursements. Petitioner argues that Ms. Johnson was "estranged" from Mr. Johnson, that they were involved in contentious and litigious divorce proceedings, that she was a single parent, and that she generally knew nothing about Mr.

Johnson's finances. We have carefully reviewed the entire stipulated record in this case and disagree with petitioner's summation of the evidence. Statements in petitioner's brief are not evidence, and we disregard them in making our decision. See Rule 143(b); Bialo v. Commissioner, 88 T.C. 1132, 1140 (1987). The facts in evidence probative on the issue of knowledge reveal that Ms. Johnson knew Mr. Johnson owed the Internal Revenue Service $30,000 as of January 8, 1988. On that date, which preceded each of the five disbursements at issue, Ms. Johnson signed and filed Mr. Johnson's inheritance tax return for the Commonwealth of Pennsylvania. The return specifically stated that Mr. Johnson owed $30,000 to the Internal Revenue Service.[4] Ms. Johnson should have faithfully discharged her duties as personal representative and paid the Internal Revenue Service the $30,000 debt of which she was aware.

Petitioner also advances on brief several peripheral arguments, none of which are meritorious. We reject petitioner's suggestion that no personal liability can attach to Ms. Johnson or her estate because the United States did not file a claim for the taxes in the Probate Court. See New v. Commissioner, supra at 677. We also reject petitioner's suggestion that the amounts

---

[4] While that return did not specify the year(s) and type of taxes owed by Mr. Johnson, there is no evidence in this record that Mr. Johnson owed any other taxes to the Internal Revenue Service except for the ones at issue herein.

paid out by Ms. Johnson were for administrative expenses or a family allowance entitled to priority over the tax debt. Because the record contains no stipulated facts to this effect, we are unable to make such a finding.

We are also unable to conclude on this record that the analysis set forth by the Supreme Court in United States v. Estate of Romani, supra, impacts the outcome in this case.[5] In Estate of Romani, the Government argued it was entitled to priority over a judgment lien creditor under 31 U.S.C. section 3713, notwithstanding that it lacked priority under the Federal Tax Lien Act of 1966 Pub. L. 89-719, 80 Stat. 1125 (as codified in sections 6321-6327). The Supreme Court held that the Federal Tax Lien Act of 1966 controlled the priority of the competing liens, not the Federal priority statute. Coincidentally, the judgment creditor in Estate of Romani obtained its judgment from a division of the same court in which the two judgments herein were entered, the Pennsylvania Court of Common Pleas. The judgment creditor in Estate of Romani acquired a valid lien on the judgment debtor's property by recording the judgment in accordance with Pennsylvania law. See United States v. Estate of

---

[5]Respondent argues United States v. Estate of Romani, 523 U.S. 517 (1998), supports his position, and he provides a lengthy analysis of why the Federal tax liens have priority over the judgments of Benton Dental and Ms. Johnson for child support. Petitioner argues the Estate of Romani case supports its position that the judgments should be paid first.

<u>Romani</u>, 523 U.S. 517 (1998); 42 Pa. Cons. Stat. sec. 4303(a)(1995). Here, the stipulated facts reveal only that two judgments were entered against Mr. Johnson.[6] On this record, we are unable to find that either Benton Dental or Ms. Johnson was a "judgment lien creditor" within the meaning of section 6323. The <u>Estate of Romani</u> case is inapposite,[7] and we hold Ms. Johnson is personally liable as a fiduciary to the extent of $30,000.

Finally, petitioner contends that, if Ms. Johnson is liable, that liability is capped at the value of the assets transferred and may not extend to interest beyond that cap. Respondent contends Ms. Johnson is liable for interest on the obligation

---

[6]The regulations specifically provide the judgment creditor must comply with local law for creating and perfecting (recording) the judgment in order to be a "judgment lien creditor" entitled to priority over a recorded tax lien. See sec. 301.6323(h)-1(g), Proced. and Admin. Regs.

[7]Even if each judgment creditor had recorded the judgment when it was obtained, respondent would still prevail under the holding in <u>United States v. Estate of Romani</u>, <u>supra</u>, as to taxes for 1979, 1980 and 1981. Prior to all disbursements at issue, respondent properly filed notices of Federal tax lien for those years. The liens for 1979 and 1980, were properly refiled under sec. 6323(g)(3) and were still valid when the two judgments were issued. As to 1981 taxes, respondent did not refile the lien, but the original lien remained unexpired and in effect as of when the judgments were obtained. The collection statute was stayed for more than 4 years while Mr. Johnson was in bankruptcy. See sec. 6503(h). Further, Congress extended the collection statute of limitations from 6 years to 10 years in 1990. See Ominibus Budget Reconciliation Act of 1990, Pub. L. 101-508, sec. 11317(b) and (c), 104 Stat. 1388, 1388-458 (1990)(with retroactive effect for taxes assessed on or before Nov. 5, 1990, if the collection statute was otherwise still open).

imposed by section 3713(b), which interest began to accrue as of the date the liability arose (when payments in derogation of the statute were made), and continues to accrue until paid.

We agree with petitioner. When a personal representative incurs personal liability under 31 U.S.C. section 3713(b), his or her liability for unpaid tax, additions to tax, and interest of a decedent is limited to "the extent of the [payments]" made in derogation of the statute. See 31 U.S.C. sec. 3713(b). Thus, the amount of tax and interest owed by the estate, or the value of the property disbursed in violation of the statute, whichever is less, is the principal obligation for which the fiduciary is liable.[8] The next inquiry is whether interest accrues on the personal liability of the fiduciary from the date the liability arose until paid, even if this amount exceeds the value of the property paid in derogation of the statute. In the case of Baptiste v. Commissioner, 100 T.C. 252 (1993), affd. 29 F.3d 1533 (11th Cir. 1994), affd. in part and revd. in part 29 F.3d 433 (8th Cir. 1994), we explored this question in depth relating to a transferee's liability. We concluded that interest accrues on a transferee's liability from the date it arose until paid, even if

---

[8]The stipulated record contains no evidence as to what amount of interest had accrued on Mr. Johnson's liability as of the date of disbursements. Thus, we cannot determine whether that amount is greater than $30,000, although we presume the $30,000 figure would be less that the total tax due plus interest as of that date.

that amount exceeds the value of the assets transferred. Respondent urges us to extend the holding in <u>Baptiste</u> to this case of fiduciary liability and hold that Ms. Johnson's fiduciary liability extends to interest accrued on the obligation until paid. We have previously declined to do so, see <u>Singleton v. Commissioner</u>, T.C. Memo. 1996-249, and we decline to do so again in this case. We sustain respondent's determination of fiduciary liability relating to Mr. Johnson's 1979, 1980, 1981, and 1983 taxes and additions to tax, and hold that Ms. Johnson is personally liable for Mr. Johnson's outstanding tax obligations for those years, plus interest on those obligations as provided by law, not to exceed $30,000.

In reaching all our holdings herein, we have considered each argument made by the parties, and, to the extent not discussed above, find those arguments to be irrelevant or without merit.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.