IRVING TRUST COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 78489.  Promulgated June 16, 1937.

*Frank Weinstein, Esq.*, for the petitioner.
*F. L. Van Haaften, Esq.*, for the respondent.

OPINION.

MURDOCK: The Commissioner notified the petitioner that he had determined a deficiency of $303.81 in the income tax of Stecher & Spelrein Co. for the year 1927, "which deficiency, plus interest as provided by law, it is proposed to assess against you as transferee of said corporation, in accordance with the provisions of section 280 of the Revenue Act of 1926." The petitioner denies that it is liable for the tax due from Stecher & Spelrein Co. (hereinafter called the taxpayer or the bankrupt). The facts are not in dispute.

The taxpayer was adjudicated a bankrupt on December 1, 1931, following the filing of a voluntary petition in bankruptcy on November 9, 1931. The petitioner became receiver on November 9 and trustee in December. Proper notices of the bankruptcy proceeding were given to known creditors and were published. A composition was approved, the assets were sold, and the petitioner distributed all moneys in its hands pursuant to a court order. The petitioner's final report was approved and the petitioner was discharged as trustee in April 1932. In the course of its duties it examined all of the books and records of the bankrupt which it could find, and it orally examined the officers of the bankrupt in regard to the assets and liabilities. The Commissioner never filed any claim in the bankruptcy proceedings, and the petitioner first learned that there was a deficiency in tax for 1927 when it received the transferee notice in 1934. Although the petitioner had had in its possession assets of the bankrupt of a value in excess of $2,000, it distributed those assets in 1931 and never thereafter had possession of any property of the bankrupt.

The Commissioner claims that the petitioner is liable for the deficiency under the provisions of section 280 (a) (2) of the Revenue Act of 1926 and section 3467 of the revised statutes. Section 280 is entitled "Claims Against Transferred Assets", and section 280 (a) (2) relates to "The liability of a fiduciary under section 3467 of the Revised Statutes in respect of the payment of any such tax from the estate of the taxpayer." Section 3467 of the revised statutes is as follows:

Every executor, administrator, or assignee, or other person, who pays any debt due by the person or estate from whom or for which he acts, before he satisfies and pays the debts due to the United States from such person or estate, shall become answerable in his own person and estate for the debts so due to the United States, or for so much thereof as may remain due and unpaid.

The Commissioner also argues that he has no burden of proof in this case since section 912 of the Revenue Act of 1924, as amended by section 602 of the Revenue Act of 1928, provides only that the burden of proof shall be upon the Commissioner to show that a petitioner

is liable as a transferee of property of a taxpayer, whereas in this case the liability is not that of a transferee, but of a fiduciary. However, that question need not be decided since the facts are fully disclosed in the record and there is no failure of proof. The real question in the case is whether the petitioner ever became liable under section 3467 of the revised statutes.

Section 3466 of the revised statutes gives priority to debts due to the United States over debts due to other creditors in the estate of an insolvent debtor. Section 3467 imposes personal liability upon a trustee who distributes the debtor's property to other creditors before satisfying the debts due the United States. The trustee may become personally liable even though the United States has not proved its claim in the bankruptcy proceedings. But the courts have held, in interpreting section 3467, that in order to render a trustee personally liable, it must appear that the trustee is chargeable with knowledge of the debt due to the United States. "It is only when the assignee has notice of the claim of the government that he incurs personal liability for making distribution of the estate without providing for the claim." *United States* v. *Barns*, 31 Fed. 705. The claim may be listed in the schedules of the bankrupt, notice may be given to the trustee, or the trustee may learn of the debt in some other way. If the trustee has knowledge of the debt, it matters not how that knowledge was obtained. The trustee can not disregard or ignore the debt, and if he does, his breach of duty renders him liable personally. *United States* v. *Kaplan*, 74 Fed. (2d) 664. "It is enough if the trustee be in possession of such facts as that a faithful and fair discharge of his duty would put him on inquiry." *United States* v. *Clark*, 25 Fed. Cases 447, 451. But he is not personally liable for a tax without notice which should put a reasonably prudent man upon inquiry. *Livingston* v. *Becker*, 40 Fed. (2d) 673; *United States* v. *Eyges*, 286 Fed. 683. No case is cited which holds a fiduciary personally liable where he was not chargeable with knowledge of the debt due the United States.

The bankruptcy proceeding appears to have been regular in every respect. There is no suggestion that it was too hastily completed. Known creditors were notified by mail. Notice was given to all creditors by publication. The petitioner appears to have used reasonable diligence in discharging its duties as receiver and trustee. It never had actual knowledge of the debt due the United States nor did it ever discover anything in the record before it which might have put a reasonably prudent trustee upon inquiry as to whether or not there was any debt due the United States. The debt was not shown in the schedules furnished by the bankrupt and sworn to by its officers. It was not shown in the books and records.

It was not disclosed in the oral examination of witnesses. The petitioner distributed all moneys in its hands, made its report, and was discharged. Why, then, should it be held personally liable for this debt? The Commissioner says that the petitioner should have inquired of the collector whether or not any taxes were due. But the petitioner was under no duty to seek out unknown creditors of the bankrupt under the circumstances. The Commissioner also says that the petitioner should have notified him that it was acting as trustee, citing section 281 (a) of the Revenue Act of 1926. That section did not require the petitioner to give notice to the Commissioner in order to escape personal liability under section 3467 of the revised statutes. Its purpose was wholly different. The Commissioner ignored the bankruptcy proceeding at the risk of the loss of his debt in case the trustee distributed the assets without knowledge of the debt. The petitioner did not learn of the debt until after its responsibility had ceased.

*Decision will be entered for the petitioner.*