Giovaninni Terranova v. Commissioner. Amalia DiStefano v. Commissioner. Salvatore Distefano v. Commissioner.
Terranova v. Commissioner
Docket Nos. 109659, 109660, 109672.
United States Tax Court
1943 Tax Ct. Memo LEXIS 158; 2 T.C.M. (CCH) 616; T.C.M. (RIA) 43380; August 7, 1943
*158 Administrators of decedent's estate, who paid debts and distributed the assets of the estate without knowledge of a tax due the United States and without information that would charge them with such knowledge, held, not personally liable for such tax under section 3467 of the Revised Statutes, as amended. Irving Trust Company, 36 B.T.A. 146, followed. Timothy J. Nighan, Esq., 525 Genesee Valley Trust Bldg., Rochester, N. Y., for the petitioners. Francis S. Gettle, Esq., for the respondent. ARUNDELL
Memorandum Opinion ARUNDELL, Judge: These several proceeding were called for hearing in Buffalo, New York, on June 1, 1943, and were thereupon consolidated for hearing and disposition. In Docket No. 109659 respondent determined that petitioner was liable as transferee of the assets of the estate of Michael Terranova, her son, in the amount of $4,671.14, "plus interest as provided by law." On the same day respondent determined that petitioners, Amalia DiStefano and Salvatore DiStefano, were personally liable under section 3467, Revised Statutes, as amended, as fiduciaries of the estate of Michael Terranova, deceased, covering the same tax liability. *159 Counsel for petitioner, Giovaninni Terranova, conceded that she was liable as transferee of the assets of the decedent, but contended that the deficiencies, as determined, failed to give credit to the decedent as head of a family. Proof was offered on this point by petitioner. Counsel for the respondent thereupon conceded the point and later filed a recomputation of the taxes against Michael Terranova, deceased, in the total sum of $3,811.69, as will more particularly appear hereafter. Thereupon it was held that the petitioner, Giovaninni Terranova, was liable as transferee of the assets of the decedent, Michael Terranova, in the sum of $3,811.69. The sole question left for determination is the liability of the administrators under section 3467, Revised Statutes. The facts appear substantially as follows: [The Facts] Michael Terranova, the taxpayer, resided in Rochester, New York, from 1921 until his death on May 4, 1938. He filed no Federal income tax returns for any of the years from 1921 to 1937, inclusive. The petitioners, Amalia DiStefano, a sister of the decedent, and Salvatore DiStefano, decedent's nephew, were appointed administrators of the estate on May 12, 1938. *160 The estate consisted of cash in several banks, aggregating about $45,000, four parcels of real property, two mortgages and sundry items of personal property. On or about September 23, 1938, the administrators filed an estate tax return and paid to the collector of internal revenue an estate tax in the sum of $667.25. They also paid debts and administration expenses of the estate aggregating $10,067.73; and in December 1938 they made complete and final distribution of the assets of the estate, having a reported value of approximately $61,000, to decedent's only heir, his mother, petitioner Giovaninni Terranova. Thereafter, on December 15, 1938 the administrators were discharged by the Surrogate's Court of Monroe County, New York, the court having jurisdiction over decedent's estate. The administrators had no knowledge of the asserted tax claim at the time the debts were paid and the estate distributed. Sometime thereafter the respondent made an investigation of the affairs of decedent and as a result thereof, on July 23, 1940, respondent determined deficiencies in income tax against the estate of Michael Terranova, deceased, and mailed notice of his determination to the administrators. *161 The net income and deficiencies as determined by the respondent were as follows: Year
Net Income
Deficiency
1921
$ 1,544.32
$ 21.77
1923
3,841.60
85.24
1927
5,268.55
43.40
1928
18,487.49
775.74
1929
25,443.93
1,274.46
1930
26,559.64
1,639.02
1931
9,004.22
152.00
1932
1,444.95
17.80
1933
1,275.58
11.02
1934
1,241.32
4.69
1935
9,010.83
489.08
1936
4,756.80
138.27
1937
1,629.30
18.65
Deficiencies as determined were assessed by respondent against the estate on November 15, 1940 and have never been paid. On October 15, 1941 petitioners, Amalia DiStefano and Salvatore DiStefano, were notified of their liability under section 3467, Revised Statutes, and Giovaninni Terranova was notified of her liability as transferee of decedent's assets. After making the necessary adjustments due to respondent's concession that the decedent was head of a family, the deficiencies in income tax due by decedent are as follows: Year
Amount
1921
None
1923
$ 37.66
1927
15.40
1928
646.39
1929
1,160.32
1930
1,509.65
1931
70.63
1932
None
1933
None
1934
None
1935
317.97
1936
53.67
1937
None
$3,811.69
[Opinion] The respondent relies on section *162 3467, Revised Statutes, as amended, [1] and reasons that as the administrators paid outside debts and distributed the remaining assets without discharging the deficiencies here involved, there is no escape from their liability by reason of the fact that they were unaware of these taxes and, in fact, the respondent had not determined that any taxes were due until long after the administrators had been discharged. We think respondent's argument is disposed of by our decision in , and as the language of the opinion in that case so completely answers respondent's argument here advanced, we quote that case in some length: Section 3466 of the revised statutes gives priority to debts due to the United States over debts due to other creditors in the estate of an insolvent debtor. Section 3467 imposes personal liability upon a trustee who distributes the debtor's property to other creditors before satisfying the debts due the United States. The trustee may become personally liable even though the United States has not proved its claim in the bankruptcy proceedings. But the courts have held, in interpreting *163 section 3467, that in order to render a trustee personally liable, it must appear that the trustee is chargeable with knowledge of the debt due to the United States. "It is only when the assignee has notice of the claim of the government that he incurs personal liability for making distribution of the estate without providing for the claim." . The claim may be listed in the schedules of the bankrupt, notice may be given to the trustee, or the trustee may learn of the debt in some other way. If the trustee has knowledge of the debt, it matters not how that knowledge was obtained. The trustee can not disregard or ignore the debt, and if he does, his breach of duty renders his liable personally. . "It is enough if the trustee be in possession of such facts as that a faithful and fair discharge of his duty would put him on inquiry." United States v. Clark, 25 Fed. Cases 447, 451. But he is not personally liable for a tax without notice which should put a reasonably prudent man upon inquiry. ; *164 . No case is cited which holds a fiduciary personally liable where he was not chargeable with knowledge of the debt due the United States. The administrators never had actual knowledge of any income taxes due the Government by the decedent prior to their discharge by the Surrogate's Court. We find nothing in the facts which should have put them on notice that any income taxes were due. The Commissioner's determination is based purely on bank deposits and without any knowledge, in fact, on his part that the decedent had any income in the years in question. While the determination must come to us as presumptively *165 correct and the petitioners have conceded that they were completely without knowledge as to the source of the bank deposits and, therefore could not successfully contest the determination, it does not follow that there were present facts or circumstances which should have put the administrators on notice that income taxes for past years would be demanded against the decedent. Respondent's determination of personal liability is accordingly reversed. Decision in Docket No. 109659 will be entered that petitioner is liable as transferee in the amounts agreed to by the parties; and decisions will be entered in Docket Nos. 109660 and 109672 that petitioners are not personally liable for any deficiencies in the income tax of the decedent.
Footnotes
1. Section 3467 of the Revised Statutes (U.S.C., title 31, ch. 6, sec. 192), as amended: Every executor, administrator, or assignee, or other person, who pays, in whole or in part, any debt due by the person or estate for whom or for which he acts before he satisfies and pays the debts due the United States from such person or estate, shall become answerable in his own person and estate to the extent of such payments for the debts so due to the United States, or for so much thereof as may remain due and unpaid.↩