Estate of Samuel Want, Deceased, Fannye M. Want, Executrix, and Estelle Want, Trustees and Transferees v. Commissioner.
Estate of Want v. Commissioner
Docket No. 36355.
United States Tax Court
T.C. Memo 1961-182; 1961 Tax Ct. Memo LEXIS 173; 20 T.C.M. (CCH) 915; T.C.M. (RIA) 61182; June 16, 1961
*173 George D. Webster, Esq., for the petitioners. Paul E. Waring, Esq., for the respondent. KERN Supplemental Memorandum Findings of Fact and Opinion KERN, Judge: In this case (in which our Findings of Fact and Opinion are reported at 29 T.C. 1223) we entered a decision on July 30, 1959, to the effect that petitioner, Estelle Want, was liable as trustee and transferee of the property of Jacob A. Want, Deceased, for gift taxes and additions to tax as follows: Additions to Tax
Section
3612(d)(1),
Year
Gift Taxes
I.R.C. 1939
1945
$ 774.09
$2,024.71
1946
5,420.46
982.38 plus statutory interest thereon. On appeal the United States Court of Appeals for the Second Circuit, in an opinion reported at 280 F. 2d 777, reversed the judgment of the Tax Court as to 1946 and modified our judgment as to 1945, remanding the case as to 1945 for further proceedings consistent with its opinion. That opinion contains the following matters helpful to us in considering this case upon remand: We conclude then that it was proper for the Tax Court to enter a judgment against the petitioner as trustee of the Jacqueline trust *174 under § 1026(b), but that, subject to a qualification set forth below, the judgment should be modified to make clear that it is satisfiable only out of the fund in the trust when the notice of deficiency was served. This fund is not limited to assets remaining out of the 1945 transfer; the value of such assets when transferred, to wit, $82,000, was a ceiling on the liability under § 1009, but within that ceiling the liability may be "collected" from any assets in "the estate." The record leaves us in doubt as to what these were. * * * The qualification relates to Rev. Stat. § 3467, 31 U.S.C. § 192, providing that: "Every executor, administrator, or assignee, or other person, who pays, in whole or in part, any debt due by the person or estate for whom or for which he acts before he satisfies and pays the debts due to the United States from such person or estate, shall become answerable in his own person and estate to the extent of such payments for the debts so due to the United States, or for so much thereof as may remain due and unpaid." Courts have departed from a literal interpretation of this statute in holding that a fiduciary may be liable for *175 a distribution of funds that is not, strictly speaking, the payment of a debt. E.g., United States v. Munroe, 65 F. Supp. 213 (W.D. Pa. 1946). However, it has long been held that a fiduciary is liable only if it had notice of the claim of the United States before making the distribution. E.g., United States v. Clark, 25 Fed. Cas. 447, 451 (No. 14807) (C.C.D. N. Y. 1826). Clearly petitioner would be personally liable, whether under the statute or under § 1026(b), as regards any distribution made out of trust assets after May 25, 1951, when the notice of deficiency was served. And she may also be so liable as to distributions made before then if at the time she had actual notice of the government's intention to hold the trust liable as transferee for the gift tax and penalties on the 1945 gifts to Blossom Ost. See, e.g., Irving Trust Co., 36 B.T.A. 146, 148 (1937). The facts with respect to this may be developed on remand. * * * Pursuant to the mandate of the Court of Appeals this case was set down by us for further hearing, and we now make the following additional findings of fact: 1. Petitioner, Estelle Want, did not have actual notice of *176 the Government's intention to hold the trust liable as transferee for the gift tax and additions to tax on the 1945 gifts to Blossom Ost prior to May 25, 1951, when the notice of deficiency was served. 2. On May 25, 1951, the fund in the trust consisted of $19,682.36 deposited in a bank account in the Darlington County Bank & Trust Co., of Darlington, South Carolina, in the name of "JACQUELINE WANT, TRUST ACCOUNT" and an insurance policy, numbered 9,453,694, issued by The Equitable Life Assurance Society of the United States, insuring the life of Jacob A. Want, upon which there was payable to Samuel Want and Estelle Want, as trustees, the principal amount of $2,918 as of the time of Jacob A. Want's death, plus interest accumulated thereon from February 8, 1947. Although we would construe our own jurisdiction as not including the power of issuing valid directives to the Commissioner of Internal Revenue concerning the collection of Federal taxes (see our prior opinion in this same case, 29 T.C. 1223, 1239), we must, of course, conform to the mandate of the Court of Appeals herein. Accordingly, we hereby make it clear that our decision herein "is satisfiable only out *177 of the fund in the trust when the notice of deficiency was served." The parties are directed to file computations, under Rule 50, in accordance with the opinion of the Court of Appeals and the findings herein made.